**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

2:26-cv-03788-JCC

SAJJAD NASIR

**Plaintiff(s),**

1. The Secretary of the United States Department of Labor
2. EQUINIX INC.

**Defendant(s).**

CASE NO --------------------------

**MANDAMUS TITLE 28 Section 136**1

Jury Trial ☒: Yes ☐ No

## 1. PRELIMINARY STATEMENT

a) This Application is brought for enforcement of rights under the Sarbanes-Oxley Act and 18 U.S.C. § 1514A, and for compliance with the mandatory procedures and rules set forth in 49 U.S.C. § 42121(b). Plaintiff seeks an order under mandamus compelling the Secretary of Labor to issue the required notification and determination under section 42121(b)(1) and further seeks the right to a de novo review of any determination issued pursuant to this Application.

b) Plaintiff lodged an initial whistleblower complaint with the United States Securities and Exchange Commission under the Sarbanes-Oxley Act describing material misstatements and fraudulent statements made by the Defendant. This complaint was filed on January 10, 2026, under SEC Submission Number 17680-380-040-535. The complaint detailed the Defendant's issuance of false disclosures, fabricated entities, and misleading public statements.

c) Plaintiff lodged provided additional information through the online whistle blower submission system of the United States Securities and Exchange Commission concerning the same pattern of misrepresentation, fraudulent filings, and fabricated operational claims made by the Defendant.

d) Plaintiff lodged a complaint with the Canadian securities authority describing the same fraudulent conduct. Plaintiff lodged a complaint with the Hong Kong Securities and Exchange Commission describing fabricated entities referenced by the Defendant. Plaintiff lodged a complaint with the Australian Securities and Investments Commission describing fraudulent disclosures and non-compliant filings. Plaintiff lodged a complaint with the Singapore supervising and security authority describing fabricated operational structures. Plaintiff lodged a complaint with the Japanese taxation authority describing fabricated Japanese entities referenced by the Defendant.

e) The complaint before this Court arises from the complaint lodged with the United States Securities and Exchange Commission under the above reference and date, and from further information provided to Canada, Hong Kong, Australia, Singapore, and Japan on the dates of those filings.

f) Instead of responding to the complaints, the Defendant initiated organized fraudulent and criminal retaliation designed to intimidate and silence the Plaintiff. This included defrauding workers' compensation claims, defrauding company filings with the Australian Taxation Office, attempting to obtain influence or force medical practitioners to produce false and misleading medical reports, abandoning legitimate medical treatment, obtaining a fraudulent order from the Local Court of New South Wales, fabricating penalty notices with the NSW Revenue Department, issuing a fraudulent community service

order containing a forged signature, and generating fraudulent Australian taxation penalties.

g) The Secretary of Labor issued a misleading and vague correspondence indicating an intention to terminate the complaint without issuing any preliminary enforcement action under section 42121(b). Despite various follow-ups, no formal notification was ever provided by the Secretary as required by statute.

h) A fraudulent de novo review application was lodged by the Defendants even though no formal notification or determination existed. The Defendants continued to progress the fraudulent review based on self-generated filings until the Plaintiff lodged a formal withdrawal application of the fraudulent review initiated by the Defendants.

## I. NATURE OF THE ACTION

This is an application brought under 18 U.S.C. § 1514A(1)(A) and governed by the procedures set forth in 49 U.S.C. § 42121(b), seeking enforcement of the Plaintiff's statutory rights arising from a whistleblower complaint lodged under federal law. Plaintiff seeks an order compelling the Secretary of Labor to perform the nondiscretionary duties mandated by statute, including issuance of the required notification and determination under 49 U.S.C. § 42121(b)(1), and further seeks to pursue a de novo review of any determination issued pursuant to the mandamus order of this Court, as expressly authorized under 18 U.S.C. § 1514A.

## II. JURISDICTION & VENUE

a) T The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this application arises under federal whistleblower statutes, specifically 18 U.S.C. § 1514A(1)(A) and the mandatory procedures set forth in 49 U.S.C. § 42121(b). Jurisdiction is further proper under 28 U.S.C. § 1361, because Plaintiff seeks mandamus

relief compelling Defendant the Secretary of the United States Department of Labor to perform nondiscretionary duties required by federal law.

b) Jurisdiction also exists pursuant to 18 U.S.C. § 1514A(b)(1)(B), which provides that if the Secretary has not issued a final decision within 180 days of the filing of the complaint, and there is no showing that such delay is due to the bad faith of the claimant, the Plaintiff may bring an action for de novo review in the appropriate United States district court, which shall have jurisdiction over such an action without regard to the amount in controversy.

c) The Court has personal jurisdiction over Defendant the Secretary of Labor, who is sued in an official capacity for purposes of mandamus enforcement. The Court also has personal jurisdiction over Defendant Equinix Inc., as the Defendant resides, conducts business, and maintains offices within this District, and because the acts and omissions giving rise to this action occurred within and are connected to this District.

d) Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant Equinix Inc. resides in this District and a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is also proper under 28 U.S.C. § 1391(e) for actions against federal officers acting in their official capacity.

.

## III. THE PARTIES TO THIS COMPLAINT

a) **Plaintiff S**ajjad Nasir is the complainant under 18 U.S.C. § 1514A, having filed a whistleblower complaint with the Secretary of Labor pursuant to subsection (b)(1)(A), and now seeks enforcement and de novo review pursuant to subsection (b)(1)(B).

b) **Defendant 1 – The Secretary of the United States Department of Labor**: the Secretary of Labor is the enforcing authority responsible for receiving whistleblower complaints, issuing preliminary notifications and determinations, and performing nondiscre-

tionary duties mandated under 18 U.S.C. § 1514A and 49 U.S.C. § 42121(b). The Secretary is sued in an official capacity for purposes of mandamus enforcement and de novo review.

c) **Defendant 2 – Equinix Inc.** Defendant **Equinix Inc.** is a Delaware corporation with its principal place of business in California, and conducts business within the United States, including within this District. Equinix maintains and operates international telecommunications and data-center infrastructure, including the SYD1 facility in Alexandria, NSW, Australia, which serves as the originating foreign point for international submarine cable circuits connecting to the United States Territory of Guam. Equinix further maintains physical data-center operations in this District at its Seattle SE2 facility (The Westin Building Exchange, 2001 Sixth Avenue) and Seattle SE3 facility (2020 Fifth Avenue). Equinix is subject to the personal jurisdiction of this Court.

**d) Service Addresses**

| **Party Type** | **Name** | **Address** |
|---|---|---|
| Plaintiff | Sajjad Nasir | 30 Railway Terrace, Granville NSW 2142, Australia |
| Defendant 1 | The Secretary of the United States Department of Labor: | U S Department of Labor, OSHA,<br>Room N 4618 FPB,<br>200 CONSTITUTION AVE NW<br>WASHINGTON DC 20210 |
| Defendant 2 | Equinix Inc | Equinix SE3, 2020 Fifth Avenue, Seattle, WA 98121, USA |

## IV. CHRONOLOGICAL FACTIUAL DSUMMRY

a) *. **February 24, 2026** –* 18:14 Plaintiff attempted multiple times to lodge the OSHA Whistleblower Complaint Form online; system errors prevented submission.

b) ***February 24, 2026*** – Follow-up Plaintiff emailed OSHA requesting confirmation of receipt and a reference number.

c) ***February 26, 2026*** – 01:03 OSHA responded confirming that email submission is acceptable and requesting identifying information.

d) ***February 26, 2026*** – 11:24 Plaintiff submitted the completed OSHA Whistleblower Complaint Form by email.

e) ***February 26, 2026,*** OSHA Complaint Form officially filed under 18 U.S.C. § 1514A and 29 C.F.R. Part 1980.

f) ***May 05, 2026,*** OSHA emailed stating the complaint "does not meet criteria for investigation," without issuing a reference number or determination.

g) ***May 08, 2026*** – 06:01 Plaintiff objected to administrative closure and requested docketing and issuance of a Secretary's Finding.

h) ***May 08, 2026*** – 06:41 Plaintiff submitted procedural nominations of additional respondents. (Procedural only — no facts included.)

i) ***May 27, 2026*** – 01:26 Plaintiff submitted additional procedural nominations. (Procedural only.)

j) ***May 27, 2026*** **–** 01:27 Plaintiff notified relevant parties of procedural nominations.

k) ***May 27, 2026*** – 07:49 Plaintiff forwarded nomination notices to additional parties.

l) OSHA never issued a reference number Despite repeated requests on February 24, February 26, and May 08.

m) OSHA never issued a Secretary's Determination No preliminary order or finding under 49 U.S.C. § 42121(b)(1).

n) Plaintiff filed ALJ de novo review (OLFA) Filed due to the Secretary's failure to issue a decision within 180 days; OLFA issued no reference number.

o) OLFA initiated an unauthorized de novo review Filed without Plaintiff's authorization.

p) Plaintiff requested OLFA to stop the unauthorized review OLFA did not stop it.

q) Plaintiff filed a withdrawal application To terminate the unauthorized review.

r) Plaintiff filed the correct de novo review application Based on statutory entitlement under 18 U.S.C. § 1514A(b)(1)(B).

s) OLFA refused to accept the correct file Leaving Plaintiff without any statutory process.

## V. RELIEF

a) **Mandamus — 28 U.S.C. § 1361** Plaintiff seeks a writ of mandamus under **28 U.S.C. § 1361** requiring the Secretary of the United States Department of Labor to fulfill the **nondiscretionary duty** to issue the **notification, preliminary order, and determination** required under **49 U.S.C. § 42121(b)** for the whistleblower complaint filed on **24 February 2026**, so that Plaintiff's statutory rights — including the right to appeal — are preserved

## VI. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10 / 07 /2026

Signature of Plaintiff

Printed Name of Plaintiff Sajjad Nasir