**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

SAJJAD NASIR

**Plaintiff(s),**

1. THE SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR
2. EQUINIX INC.
3. COMMISSIONER OF POLICE, STATE OF NEW SOUTH WALES, COMMONWEALTH OF AUSTRALIA

**Defendant(s).**

CASE NO 26cv3788 JCC

**AMENDED COMPLAINT**

Jury Trial ☒: Yes ☐ No

## 1. AMENDED PRELIMINARY STATEMENT

a) Plaintiff amends the application filed on 10/14/2026 and seeks (i) de novo review pursuant to 18 U.S.C. § 1514A(b)(1)(B) of Plaintiff's retaliation complaint against Defendant Equinix, Inc. — retaliation in violation of 18 U.S.C. § 1514A(a), executed in collusion with Defendant Commissioner of Police, State of New South Wales, Commonwealth of Australia — and (ii) in the alternative, a writ of mandamus pursuant to 28 U.S.C. § 1361 and 49 U.S.C. § 42121(c) compelling Defendant Secretary of Labor to

perform the nondiscretionary duties owed under 49 U.S.C. § 42121(b), as incorporated by 18 U.S.C. § 1514A(b)(2)(A).

b) The Secretary failed to issue written findings, a reasonable-cause determination, or a preliminary order within the 60-day period prescribed by 49 U.S.C. § 42121(b)(2)(A), which expired April 27, 2026. On May 5, 2026 — 68 days after filing — OSHA issued neither a statutory decision nor findings but instead advised Plaintiff that the complaint "does not fall within a statute OSHA has the jurisdiction to investigate" and offered only "administrative closure." That response was neither a decision required by statute nor issued within the statutory time.

c) Under 49 U.S.C. § 42121(b)(2)(A), a valid initial determination requires the Secretary, within 60 days of receipt of the complaint, to conduct an investigation, determine whether there is reasonable cause to believe the complaint has merit, notify the complainant in writing of the Secretary's findings, and, where reasonable cause is found, issue a preliminary order. On May 5, 2026 — 68 days after filing — OSHA emailed Plaintiff that the complaint "does not meet criteria for investigation" and "does not fall within a statute OSHA has the jurisdiction to investigate," offering only "administrative closure." That email was not a valid initial determination: it issued beyond the 60-day period, contained no investigation, no reasonable-cause determination, no written findings, and no preliminary order, and offered only administrative closure in lieu of the findings the statute requires.

d) Pursuant to 18 U.S.C. § 1514A(a), no covered company may discharge, demote, suspend, threaten, harass, or otherwise discriminate against an employee in the terms and conditions of employment because the employee provided information regarding conduct the employee reasonably believed violated 18 U.S.C. §§ 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders. A retaliation claim requires four elements: (1) protected activity; (2) employer knowledge; (3) adverse employment action; and (4) the protected activity as a contributing factor, per 49 U.S.C. §

42121(b)(2)(B)(iii), as incorporated by 18 U.S.C. § 1514A(b)(2)(C). Plaintiff's complaint alleged each element: Plaintiff's disclosures to the SEC (TCR Submission No. 17680-380-040-535) and OFAC (Query No. OFAC-2026-011035) were protected activity; Equinix knew of them; and Equinix retaliated with harassment, intimidation, denial of medical care, constructive termination, and blacklisting, the disclosures being a contributing factor.

e) In the alternative, Plaintiff seeks a writ of mandamus under 28 U.S.C. § 1361 and 49 U.S.C. § 42121(c) compelling the Secretary of Labor to perform the nondiscretionary duties owed under 49 U.S.C. § 42121(b)(1) — to notify Plaintiff in writing — and § 42121(b)(2)(A) — to issue written findings, a reasonable-cause determination, and a preliminary order within 60 days. Plaintiff filed the administrative complaint on February 26, 2026, sought provision of the Secretary's decision to pursue an appeal in federal court, and filed a Freedom of Information Act request (Reference No. [2027-F-00468] none was acknowledged or provided.

## 2. NATURE OF THE ACTION

a) Plaintiff brings this action for de novo review pursuant to 18 U.S.C. § 1514A(b)(1)(B), and, in the alternative, seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 and 49 U.S.C. § 42121(c).

## 3. JURISDICTION & VENUE

b) This Court has original subject-matter jurisdiction over the petition for writ of mandamus pursuant to 28 U.S.C. § 1361 and 49 U.S.C. § 42121(c), to compel the Secretary of Labor to perform nondiscretionary duties owed to Plaintiff under 49 U.S.C. § 42121(b), as incorporated by 18 U.S.C. § 1514A(b)(2)(A). Personal jurisdiction over the Secretary of Labor in his official capacity exists pursuant to 28 U.S.C. § 1391(e)(1) and Federal Rule of Civil Procedure 4(i), the Secretary being an officer of the United States.

c) This Court has original subject-matter jurisdiction over the de novo retaliation claim pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1514A(b)(1)(B), without regard to the amount in controversy.

d) This Court has personal jurisdiction over Defendant Equinix, Inc., which resides, conducts business, and maintains offices within this District, and because the acts and omissions giving rise to this action occurred within and are connected to this District, pursuant to Federal Rule of Civil Procedure 4.

e) Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because Defendant Equinix, Inc. resides in this District and a substantial part of the events or omissions giving rise to the claims occurred within this District, and pursuant to 28 U.S.C. § 1391(e)(1) for actions against federal officers acting in their official capacity.

f) On February 26, 2026, Plaintiff filed a retaliation complaint with the Occupational Safety and Health Administration ("OSHA"), United States Department of Labor, the most recent adverse action having occurred February 25, 2026. The Secretary failed to issue written findings, a reasonable-cause determination, or a preliminary order within the 60-day period prescribed by 49 U.S.C. § 42121(b)(2)(A), which expired April 27, 2026.

g) The Secretary subsequently issued purported "Secretary's Findings" dated July 8, 2026 — 132 days after filing — dismissing the complaint, followed by a purported order dated July 22, 2026 — 146 days after filing — which Plaintiff contests as void, Plaintiff having never filed the objection or withdrawal referenced therein. The Secretary's statutory authority to issue findings had lapsed on April 27, 2026; the July 8 and July 22, 2026, documents are therefore not decisions issued under 49 U.S.C. § 42121(b), and no valid final decision has been issued within 180 days of the filing of the complaint.

h) The 180-day period prescribed by 18 U.S.C. § 1514A(b)(1)(B) expired on August 25, 2026, without a valid final decision, and the delay is not attributable to any bad faith of Plaintiff, who repeatedly sought confirmation and a reference number from the Secretary. Plaintiff accordingly brings this action for de novo review.

i) This Court has personal jurisdiction over Defendant Commissioner of Police, State of New South Wales, Commonwealth of Australia, who is alleged to have colluded with Defendant

Equinix, Inc. in conduct expressly aimed at and affecting the United States — including interference with United States mail and the administration of justice, in aid of Equinix's securities fraud — the effects of which were directed at and felt within the United States and this District.

## 4. THE PARTIES TO THIS COMPLAINT

a) **Plaintiff** Sajjad Nasir is a complainant under 18 U.S.C. § 1514A, having filed an administrative complaint with the Secretary of Labor pursuant to 18 U.S.C. § 1514A(b)(1)(A), and now seeking de novo review pursuant to 18 U.S.C. § 1514A(b)(1)(B).

b) **Defendant Secretary of Labor**, United States Department of Labor, is the federal officer responsible for receiving complaints, issuing notifications and determinations, and performing the nondiscretionary duties mandated under 49 U.S.C. § 42121(b), as incorporated by 18 U.S.C. § 1514A(b)(2)(A). The Secretary is sued in his official capacity solely for the petition for writ of mandamus.

c) **Defendant Equinix,** Inc. is a Delaware corporation with its principal place of business in California, conducting business throughout the United States, including within this District. Equinix maintains data center operations in this District, including its Seattle SE2 facility (The Westin Building Exchange, 2001 Sixth Avenue) and Seattle SE3 facility (2020 Fifth Avenue), and is subject to the personal jurisdiction of this Court.

d) **Defendant Commissioner of Police, State of New South Wales**, Commonwealth of Australia, is alleged to have acted in collusion with Defendant Equinix, Inc. in the retaliatory conduct described in the Factual Allegations below.

e) **Service Addresses**

| Party Type | Name | Address |
|---|---|---|
| Plaintiff | Sajjad Nasir | 30 Railway Terrace, Granville NSW 2142, Australia |

| | | |
|---|---|---|
| Defendant 1 | The Secretary of the United States Department of Labor: | U S Department of Labor, OSHA,<br>Room N 4618 FPB,<br>200 CONSTITUTION AVE NW<br>WASHINGTON DC 20210 |
| Defendant 2 | Equinix Inc | Equinix SE3, 2020 Fifth Avenue, Seattle, WA 98121, USA |
| Defendant 3 | Defendant Commissioner of Police, State of New South Wales | Service Under Hague Convention, authority to receive the process under Hague convention |

## 5. FACTUAL ALLEGATIONS

### Protected Disclosure to the United States Securities and Exchange Commission

Plaintiff lodged protected disclosures with the United States Securities and Exchange Commission ("SEC") — TCR Submission No. 17680-380-040-535 (January 10, 2026) and TCR Submission No. 17700-708-663-016 (February 2, 2026) — alleging that Defendant Equinix, Inc. filed periodic reports accompanied by false certifications under 18 U.S.C. § 1350, adopted pursuant to Section 906 of the Sarbanes-Oxley Act of 2002. Section 906 requires the chief executive officer and chief financial officer to certify that each periodic report "fully complies" with Sections 13(a) and 15(d) of the Securities Exchange Act of 1934 and "fairly presents, in all material respects, the financial condition and results of operations" of the issuer.

**a) False statement — Form 10-Q for the quarter ended March 31, 2019, filed May 3, 2019.**

The report stated that Equinix's management "concluded that the disclosure controls and procedures were effective," and was accompanied by § 906 certifications signed by Equinix's officers. That statement and those certifications were false because the report concealed the material misstatements concerning the Metronode acquisition and the Leaseweb entities described below.

b) **False statement — Form 10-K for fiscal year 2017.**

Equinix stated that the acquired Metronode group "operates 10 data centres in six metro areas in Australia," when Australian Securities and Investments Commission records show the Metronode entities — including Metronode (NSW) Pty Ltd ACN 158 288 441 — were dormant shells with no operational footprint, no asset-backed charges, and no construction or lease filings.

**c) False statement — Form 10-K for fiscal year 2018.**

**E**quinix disclosed only aggregate purchase-price allocations, goodwill, and intangible figures, and grouped the Australian IBX facilities (SY5–SY8, ME4–ME5) under "Sydney (Metro)" and "Melbourne (Metro)" without identifying which facilities were acquired versus newly built.

**Protected Disclosure to the Canadian Regulatory Authorities**

**a) O**n February 8, 2026, Plaintiff lodged complaints with the Canadian Investment Regulatory Organization ("CIRO") and the Financial Services Regulatory Authority of Ontario ("FSRA"), alleging the same false statements that underlie the SEC disclosure — specifically, the inflated valuation of the Metronode acquisition that Defendant Equinix, Inc. certified under 18 U.S.C. § 1350, adopted pursuant to Section 906 of the Sarbanes-Oxley Act of 2002.

b) he FSRA complaint alleged that the Ontario Teachers' Pension Plan ("OTPP") certified its Form 8 investment summary as "true, accurate and complete," yet reported the Nextgen/Metronode assets in its 2012 annual statement before the acquisition had legally closed, and, after selling the fibre assets (Nextgen Networks) to Vocus Communi cations 61millionin2016,soldtheremainingMetronodesubsettoEquinixforapproximatelyA1.035 billion — a valuation exceeding the A$885 million paid for the entire combined group in 2013.

c) The CIRO complaint alleged that the dealer members — RBC Dominion Securities Inc., UBS Securities Canada Inc., and J.P. Morgan Securities Canada Inc. — advised on and endorsed the A$1.035 billion Metronode transaction, approving prospectuses and fairness opinions that relied on the inflated valuation despite the removal of the fibre assets.

d) These Canadian disclosures corroborate the false statements in Equinix's § 1350 certifications: Equinix's 2017 and 2018 Forms 10-K certified, under § 906, that the reports "fairly present, in all material respects" Equinix's financial condition — including the A$1.035 billion Metronode acquisition — when the underlying valuation was inflated and the Metronode entities were, on the records described above, dormant shells.

**Adverse Retaliatory Actions and Cross-Border Collusion**

**M**arch 23, 2025 (Fraudulent Tax Filing Collusion): Following Plaintiff's protected disclosure and complaint lodged with the Australian Taxation Office ("ATO") on March 20, 2025, a fraudulent and forged tax return was unlawfully submitted in Plaintiff's name. This fraudulent filing was executed to falsely validate Defendant Equinix, Inc.'s ("Equinix") unauthorized "phantom contractor" arrangements—an entity and accounting structure disclosed by Defendant Equinix within its public market disclosures to conceal underlying wire fraud, tax evasion, and labor violations.

**. Ma**rch 26, 2026 (Workers' Compensation Fraud & Contractor Masking): In direct response to a formal workers' compensation claim filed by Plaintiff for severe physical and psychological injuries sustained during forced labor and human trafficking under 18 U.S.C. §§ 1589 and 1590, the NSW Workers Compensation Insurer unlawfully validated Equinix's labor contractor shell entity, SC Inc., thereby attempting to insulate Defendant Equinix from direct legal liability for Plaintiff's employment and physical injuries.

**3.** April 30, 2026 (Banking Transaction Manipulation & Fraudulent Ledger Entries): In response to Plaintiff's formal fraud complaint lodged with the Australian Banking Complaint Commission regarding fraudulent cross-border banking transactions manipulating U.S. financial networks, National Australia Bank ("NAB") executed multiple false and fraudulent transaction entries. These manipulated ledger entries were manufactured to fabricate false records of "workers' compensation payments," thereby concealing the underlying financial misstatements and electronic wire fraud executed across interstate and international financial channels (18 U.S.C. § 1343).

14. July 14, 2026 (State-Sanctioned Retaliation, Unlawful Arrest, and Torture): Following Plaintiff's protected regulatory complaints lodged with the Australian Securities and Investments Commission ("ASIC") regarding Defendant Equinix's unlawful registration and utilization of fake shell companies to facilitate wire fraud and human trafficking, officers of the New South Wales ("NSW") Police Force—acting in concert and collusion with Defendant Equinix—unlawfully arrested Plaintiff, subjected Plaintiff to severe physical torture, and intentionally inflicted permanent bodily injury, including physical ear canal/acoustic trauma.

## I. RELIEF

a) PRAYER FOR RELIEF
b) WHEREFORE, Plaintiff respectfully requests that this Court:
c) A. As to Count I (18 U.S.C. § 1514A, against Defendant Equinix, Inc.):

d) Adjudge and declare that Defendant Equinix, Inc. violated 18 U.S.C. § 1514A;

e) Award Plaintiff compensatory and special damages for the harms suffered, including economic losses, litigation costs, expert witness fees, and reasonable attorney's fees, pursuant to 18 U.S.C. § 1514A(c);

f) Award prejudgment and postjudgment interest at the legal rate.

g) B. As to Count II (Mandamus, against the Secretary of Labor):

h) Issue a writ of mandamus compelling the Secretary of Labor to perform the nondiscretionary duties owed under 49 U.S.C. § 42121(b), including the written notification required by § 42121(b)(1) and the written findings, reasonable-cause determination, and preliminary order required by § 42121(b)(2)(A);

i) Declare that the purported "Secretary's Findings" dated July 8, 2026, and the purported order dated July 22, 2026, are void and of no effect.

j) C. As to the fraudulent activities and collusive conduct alleged herein:

k) Award compensatory damages for the fabricated and forged court and administrative filings and communications, the obstruction of Plaintiff's access to active judicial and administrative proceedings, and the intimidation suffered as a result;

l) Award damages for the collusive conduct of Defendant Commissioner of Police, State of New South Wales, including the unlawful arrest, torture, and permanent physical injuries alleged herein.

**m)** D. Grant such other and further relief as this Court deems just and proper.

## II. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my

address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ￼ 10 / 07 /2026

Signature of Plaintiff

Printed Name of Plaintiff Sajjad Nasir