# Exhibit 2

Defendant Equinix Inc, acting in collusion with the Commissioner of Police NSW, Commonwealth of Australia, sent a forged United States Securities and Exchange Commission correspondence regarding the Freedom of Information Act request Ref. No. 27-00007-FOPA. The correspondence falsely purported to relate to the FOI request submitted to the U.S. Securities and Exchange Commission.

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**STATION PLACE**
**100 F STREET, NE**
**WASHINGTON, DC 20549-2465**

**Office of FOIA Services**

October 9, 2026

***Via electronic mail***
sajjadqut01@outlook.com

Sajjad Nasir
U 29 30-44 Railway Tce
GRANVILLE, NSW 2142
Australia

Re: Freedom of Information Act (FOIA), 5 U.S.C. § 552
Request No. **27-00007-FOPA**

Dear Mr. Nasir:

This letter is an acknowledgment of your FOIA request dated and received in this office on October 8, 2026, for records regarding all records associated with SEC Submission 17680-380-040-535, dated January 10, 2026.

Your request has been assigned tracking number 27-00007-FOPA. Your request will be assigned to a Research Specialist for processing and you will be notified of the findings as soon as possible. We will be unable to respond to your request within the Freedom of Information Act's twenty day statutory time period, as there are unusual circumstances which impact on our ability to quickly process your request. Therefore, we are invoking the 10 day extension. These unusual circumstances are: (a) the need to search for and collect records from an organization geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other offices having a substantial interest in either the determination or the subject matter of the records. For these reasons, we will process your case consistent with the order in which we received your request.

If you do not receive a response after thirty business days from when we received your request, you have the right to seek dispute resolution services from an SEC FOIA Public Liaison or the Office of Government Information Services (OGIS). A list of SEC FOIA Public Liaisons can be found on our agency website at https://www.sec.gov/oso/contact/foia-contact.html. OGIS can be reached at 1-877-684-6448 or Archives.gov or via email at ogis@nara.gov.

In the interim, if you have any questions about your request, you may contact this office by calling (202) 551-7900, or sending an e-mail to foiapa@sec.gov. Please refer to your tracking number when contacting us.

For additional information, please visit our website at www.sec.gov and follow the FOIA link at the bottom.

Sincerely,

Office of FOIA Services

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

Office of FOIA Services

October 14, 2026

***Via electronic mail***
sajjadqut01@outlook.com

Sajjad Nasir
U 29 30-44 Railway Tce
Granville, NSW 2142
Australia

Re: Freedom of Information Act (FOIA), 5 U.S.C. § 552
Request No. **27-00007-FOPA**

Dear Mr. Nasir:

This letter is in reference to your request, dated and received in this office on October 8, 2026, for all records associated with a SEC submission dated January 10, 2026.

You asked for expedited processing of your request. Under the SEC's FOIA Rule 17 CFR § 200.80(d)(7), this Office shall grant a request for expedited processing if the requester demonstrates a compelling need for the records. "Compelling need" means that a failure to obtain the requested records on an expedited basis could reasonably be expected to pose an imminent threat to an individual's life or physical safety or, if the requester is primarily engaged in disseminating information, by demonstrating that an urgency to inform the public of actual or alleged Federal government activity exists. A compelling need shall be demonstrated by a statement, certified to be true and correct to the best of the requester's knowledge and belief. In my view, a compelling need has not been demonstrated. Therefore, we are processing your request under our normal guidelines.

You also requested a waiver of all fees associated with your request. We may waive or reduce search, review, and duplication fees if release of the records is in the public interest because it (a) is likely to contribute significantly to public understanding of SEC operations or activities, and (b) is not primarily in the requester's commercial interest, 5 U.S.C. § 552(a)(4)(iii).

We will determine whether disclosure is likely to contribute significantly to the public's understanding of the

operations or activities of the government based upon four factors:

- Whether the subject matter of the requested records concerns the operations or activities of the Federal government;
- Whether the requested records are meaningfully informative on those operations or activities so that their disclosure would likely contribute to increased understanding of specific operations or activities of the government;
- Whether disclosure will contribute to the understanding of the public at large, rather than the understanding of the requester or a narrow segment of interested persons; and
- Whether disclosure would contribute significantly to public understanding of government operations and activities.

We will determine whether disclosure of the requested records is not primarily in the commercial interest of the requester based on these two factors:

- Whether disclosure would further any commercial interests of the requester; and
- Whether the public interest in disclosure is greater than the requester's commercial interest under 17 CFR § 200.80 (g)(12).

While the SEC grants waivers of FOIA fees where appropriate, we are also obligated to safeguard the public treasury by not granting waivers except as provided by the FOIA. As a requester, you bear the burden under the FOIA of showing that the fee waiver requirements have been met. Based on my review of your request, I determined that your fee waiver request is deficient because it does not provide substantive information relating to any of the six factors above. Therefore, I am denying your request for a fee waiver.

I am the deciding official with regard to this adverse determination. You have the right to appeal my decision to the SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR § 200.80(f)(1). The appeal must be received within ninety (90) calendar days of the date of this adverse decision. Your appeal must be in writing, clearly marked "Freedom of Information Act

Appeal," and should identify the requested records. The appeal may include facts and authorities you consider appropriate.

You may file your appeal online at the Commission's website (https://www.sec.gov/foia), or mail your appeal to the Office of FOIA Services of the Securities and Exchange Commission located at Station Place, 100 F Street NE, Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120 at that address.

If you have any questions, please contact Makeda Weeks-Titus at weekstitusm@sec.gov or (202) 551-6078. You may also contact me at foiapa@sec.gov or (202) 551-7900. You may also contact the SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-7900. For more information about the FOIA Public Service Center and other options available to you please see the attached addendum.

Sincerely,

Matthew Hurd

Matthew Hurd
Attorney Advisor

Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public Liaison by calling (202) 551-7900 or visiting https://www.sec.gov/foia/contact-office-foia-services.

SEC FOIA Public Liaisons are supervisory staff within the Office of FOIA Services. They can assist FOIA requesters with general questions or concerns about the SEC's FOIA process or about the processing of their specific request.

In addition, you may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA dispute resolution services it offers. OGIS can be reached at 1-877-684-6448 or via e-mail at ogis@nara.gov. Information concerning services offered by OGIS can be found at their website at Archives.gov. Note that contacting the FOIA Public Liaison or OGIS does not stop the 90-day appeal clock and is not a substitute for filing an administrative appeal.