**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

SAJJAD NASIR,

Plaintiff,

v.

THE SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR; EQUINIX, INC.; COMMISSIONER OF POLICE, STATE OF NEW SOUTH WALES, COMMONWEALTH OF AUSTRALIA,

Defendants.

**Case No. 2:26-cv-03788-JCC**

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

## I. PRELIMINARY STATEMENT

1. Plaintiff amends the complaint filed on October 14, 2026 and seeks de novo review under 18 U.S.C. § 1514A(b)(1)(B) of his retaliation complaint against Defendant Equinix, Inc. and, only in the alternative and only if the Court finds that de novo review is unavailable, a writ of mandamus under 28 U.S.C. § 1361 and 49 U.S.C. § 42121(c) directing Defendant Secretary of Labor to comply with 49 U.S.C. § 42121(b), as incorporated by 18 U.S.C. § 1514A(b)(2)(A).

2. On February 26, 2026, Plaintiff lodged a whistleblower complaint with the Secretary of Labor under 18 U.S.C. § 1514A(b)(1)(A), assigned OSHA Case No. 301077359, alleging that Defendant Equinix, Inc. and its contractors and agents retaliated against

him for protected disclosures, including his submissions to the Securities and Exchange Commission dated January 10, 2026 (TCR No. 17680-380-040-535) and February 2, 2026 (TCR No. 17700-708-663-016), and his submission to the Department of the Treasury, Office of Foreign Assets Control (Query No. OFAC-2026-011035).

3. The retaliation included harassment, intimidation, denial of medical care for worksite injuries, constructive termination, blacklisting across contractor networks, and interference with his federal litigation. The most recent adverse employment action occurred on February 25, 2026.

4. OSHA advised Plaintiff on February 26, 2026 at 01:03 that submission by e-mail was acceptable, and Plaintiff submitted the completed complaint and related filings by e-mail that day at 11:24.

5. Plaintiff followed up on February 28, April 26, and June 9, 2026, requesting confirmation of receipt and a reference number. On June 9, 2026, Plaintiff advised the Department that the complaint "was never responded hence I am not able to lodge a review application to the administrative law judge." On June 16, 2026, the Department of Labor Office of Inspector General advised that the issues raised "do not fall within my jurisdiction" and directed Plaintiff back to OSHA.

6. The 60-day period prescribed by 49 U.S.C. § 42121(b)(2)(A) expired on April 27, 2026 without written findings, a reasonable-cause determination, or a preliminary order. No findings were served on Plaintiff. The only document that refers to findings is an Office of Administrative Law Judges order dated July 22, 2026, which recites that "Secretary's Findings" were issued on July 8, 2026 and purports to grant a "voluntary withdrawal" that Plaintiff never filed. No hearing was held. No valid final

decision issued within 180 days of February 26, 2026; that period expired on August 25, 2026.

7. Plaintiff is therefore entitled to de novo review under 18 U.S.C. § 1514A(b)(1)(B). The delay is not attributable to any bad faith of Plaintiff, who repeatedly requested a reference number and a determination from the Secretary.

## II. NATURE OF THE ACTION

8. Count I seeks de novo review under 18 U.S.C. § 1514A(b)(1)(B) and the relief authorized by 18 U.S.C. § 1514A(c).

9. Count II, in the alternative, seeks a writ of mandamus under 28 U.S.C. § 1361 and 49 U.S.C. § 42121(c) directing the Secretary of Labor to produce the documents and evidence showing compliance with 49 U.S.C. § 42121(b).

## III. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over Count I under 28 U.S.C. § 1331 and 18 U.S.C. § 1514A(b)(1)(B), which confers jurisdiction without regard to the amount in controversy.

11. This Court has subject-matter jurisdiction over Count II under 28 U.S.C. § 1361 and 49 U.S.C. § 42121(c), which provides that any nondiscretionary duty imposed by 49 U.S.C. § 42121 is enforceable in a mandamus proceeding under 28 U.S.C. § 1361.

12. Personal jurisdiction over the Secretary of Labor in his official capacity exists under 28 U.S.C. § 1391(e)(1) and Federal Rule of Civil Procedure 4(i).

13. Personal jurisdiction over Defendant Equinix, Inc. exists because it resides and conducts business in this District, maintains data center operations here, and the acts and omissions giving rise to this action are connected to this District.

14. Venue is proper under 28 U.S.C. § 1391(b)(2) and § 1391(e)(1).

## IV. THE PARTIES

15. Plaintiff Sajjad Nasir is an individual residing at 30 Railway Terrace, Granville NSW 2142, Australia. He is a complainant under 18 U.S.C. § 1514A(b)(1)(A) and seeks de novo review under § 1514A(b)(1)(B).

16. Defendant the Secretary of the United States Department of Labor is the federal officer responsible for receiving, investigating, and determining whistleblower complaints under 49 U.S.C. § 42121(b), as incorporated by 18 U.S.C. § 1514A(b)(2)(A). The Secretary is sued in his official capacity solely for the alternative relief under Count II.

17. Defendant Equinix, Inc. is a Delaware corporation with its principal place of business in Redwood City, California. It maintains data center operations in this District, including at the Westin Building Exchange, 2001 Sixth Avenue, Seattle, Washington, and at 2020 Fifth Avenue, Seattle, Washington.

18. Defendant the Commissioner of Police, State of New South Wales, Commonwealth of Australia, is named with respect to conduct alleged to have been directed at the United States and this District; Plaintiff acknowledges that questions of foreign sovereign immunity are for the Court.

19. Service addresses: the Secretary of Labor, U.S. Department of Labor, OSHA, Room N-4618 FPB, 200 Constitution Avenue NW, Washington, DC 20210; Equinix, Inc., 2020 Fifth Avenue, Seattle, WA 98121; the Commissioner of Police, NSW, through the Hague Convention.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment and Adverse Action

20. Beginning in or about 2025 and continuing through on or about February 25, 2026,

Plaintiff was engaged as operations and engineering personnel to work at Equinix-connected data center facilities in Singapore, through Defendant Equinix, Inc.'s contractors and agents, including CSC Inc. and Leaseweb USA.

21. Plaintiff performed work at the interconnected Tai Seng facilities, including 2 Tai Seng Avenue (Global Switch), 15A Tai Seng Drive (China Mobile), 23 Tai Seng Drive (AIMS/Racks Central), and 7 Tai Seng Drive (Equinix SG4).

22. Plaintiff was supervised by a person identified as "Yuan On Yip," Director of Operations APAC, and by others acting for Equinix's contractor network.

23. On or about February 25, 2026, Plaintiff was constructively terminated and subjected to the adverse actions described below, following his protected disclosures.

**B. Protected Disclosures**

24. On January 10, 2026, Plaintiff lodged TCR Submission No. 17680-380-040-535 with the United States Securities and Exchange Commission.

25. On February 2, 2026, Plaintiff lodged TCR Submission No. 17700-708-663-016 with the Commission.

26. The submissions reported that Equinix's periodic reports contained false and misleading statements, including: (a) the statement in the Form 10-Q for the quarter ended March 31, 2019 that there were no material legal proceedings, while criminal charges in Milan, Italy were pending; (b) the statement in the Form 10-K for fiscal year 2018 that Equinix acquired "all of the equity interests" in Metronode, while the Ontario Teachers' Pension Plan held 70% and Leighton Holdings retained 30%; (c) the case study of April 16, 2024 identifying "Leaseweb Japan K.K." as an operating counterparty; and (d) the overselling of power capacity at Equinix facilities.

27. On May 11, 2026, Plaintiff lodged Query No. OFAC-2026-011035 with the

Department of the Treasury, Office of Foreign Assets Control.

**C. The False Statements**

28. The Form 10-Q for the quarter ended March 31, 2019, filed May 3, 2019, stated under Item 1, Legal Proceedings, "None," and was accompanied by certifications under 18 U.S.C. § 1350. At that time, charges had been brought by the Public Prosecutor in Milan in March 2019, Equinix had requested dismissal on March 13, 2019, and its defense was filed on April 15, 2019. The Form 10-Q for the quarter ended June 30, 2019 disclosed the Milan proceeding.

29. The Form 10-K for fiscal year 2018 stated that Equinix acquired "all of the equity interests" in Metronode, while the Ontario Teachers' Pension Plan had acquired 70% in 2013 and Leighton Holdings retained 30%.

30. The case study dated April 16, 2024 identified "Leaseweb Japan K.K." as an operating counterparty, while the Japanese corporate registry reflects a differently styled entity with no verifiable operational presence.

**D. The Retaliation**

31. Following the protected disclosures, Defendant Equinix, Inc., through its contractors and agents, subjected Plaintiff to harassment, intimidation, denial of medical care, constructive termination, and blacklisting.

32. Plaintiff also suffered interference with United States mail, manipulation of administrative and judicial proceedings, and the use of forced labor, labor exploitation, and human trafficking to validate the false statements described above.

**E. The Agency Process**

33. On February 26, 2026, following OSHA's confirmation that submission by e-mail was acceptable, Plaintiff submitted his complaint by e-mail at 11:24.

34. Plaintiff followed up on February 28, April 26, and June 9, 2026, requesting a reference number and a determination. On June 9, 2026, Plaintiff stated that the complaint "was never responded hence I am not able to lodge a review application to the administrative law judge."

35. On June 16, 2026, the Department of Labor Office of Inspector General advised that the issues raised "do not fall within my jurisdiction" and directed Plaintiff to OSHA.

36. OSHA's May 5, 2026 e-mail was not a determination under 49 U.S.C. § 42121(b)(2)(A). No findings were served on Plaintiff, and the July 22, 2026 order rests on an objection and withdrawal that Plaintiff never filed. No hearing was held.

## VI. COUNT I - VIOLATION OF 18 U.S.C. § 1514A (DE NOVO REVIEW)

37. Plaintiff realleges and incorporates the foregoing paragraphs.

38. Section 1514A(a) prohibits a covered company, or its officer, employee, contractor, subcontractor, or agent, from discriminating against an employee because the employee (i) provided information, or caused information to be provided, to a Federal regulatory or law enforcement agency regarding conduct the employee reasonably believed violated 18 U.S.C. §§ 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders (18 U.S.C. § 1514A(a)(1)(A)); or (ii) filed, caused to be filed, or otherwise assisted in a proceeding filed or about to be filed relating to such violations (18 U.S.C. § 1514A(a)(2)).

39. Plaintiff engaged in protected activity under both provisions: he provided information to the Securities and Exchange Commission under TCR Submission Nos. 17680-380-040-535 and 17700-708-663-016, and to the Department of the Treasury, Office of Foreign Assets Control, under Query No. OFAC-2026-011035; and he filed,

caused to be filed, and assisted in the proceedings initiated by those submissions.

40. Defendant Equinix, Inc. knew of the protected activity.

41. Defendant Equinix, Inc., directly and through CSC Inc., Leaseweb USA, and other contractors and agents, subjected Plaintiff to adverse employment actions, including harassment, intimidation, denial of medical care, constructive termination, and blacklisting.

42. The protected activity was a contributing factor in the adverse employment actions.

43. Plaintiff is entitled to de novo review under 18 U.S.C. § 1514A(b)(1)(B) because the Secretary did not issue a valid final decision within 180 days of February 26, 2026.

44. Plaintiff is entitled to relief under 18 U.S.C. § 1514A(c).

## VII. COUNT II - PETITION FOR WRIT OF MANDAMUS (ALTERNATIVE)

45. This Count is pleaded only in the alternative and only if the Court finds that de novo review is unavailable.

46. Under 49 U.S.C. § 42121(b), as incorporated by 18 U.S.C. § 1514A(b)(2)(A), the Secretary owes nondiscretionary duties, including the written notification required by § 42121(b)(1), and the investigation, reasonable-cause determination, written findings, and preliminary order required by § 42121(b)(2)(A) within 60 days.

47. The Secretary failed to perform those duties within the statutory time.

48. Pursuant to 49 U.S.C. § 42121(c) and 28 U.S.C. § 1361, Plaintiff requests an order directing the Secretary of Labor to provide documents and evidence showing compliance with the rules and procedures set forth in 49 U.S.C. § 42121(b), as incorporated by 18 U.S.C. § 1514A(b)(2)(A), in connection with the complaint lodged on February 26, 2026 (OSHA Case No. 301077359), specifically:

(a) the notice showing compliance with the 60-day requirement of 49 U.S.C. §

42121(b)(2)(A), as incorporated by 18 U.S.C. § 1514A(b)(2)(A), on or before April 27, 2026;

(b) the notice showing compliance with the requirement that it inform the complainant of the rights under 49 U.S.C. § 42121(b)(2)(A) - the right to file objections within 30 days and to request a hearing on the record;

(c) evidence of receipt of the complainant's objections and request for hearing, showing compliance with the 30-day requirement of 49 U.S.C. § 42121(b)(2)(A), on or before May 27, 2026, or, if the notice was served on July 8, 2026, on or before August 7, 2026;

(d) evidence showing compliance with 49 U.S.C. § 42121(b)(2)(B)(ii) - the employer's demonstration, by clear and convincing evidence, that it would have taken the same unfavorable personnel action against the complainant in the absence of the complainant's protected activity;

(e) evidence showing compliance with 49 U.S.C. § 42121(b)(2)(A) - receipt by the Secretary of Labor, from the complainant, of the complainant's objections to the findings and request for hearing, including the date of receipt reflected in the Secretary's records;

(f) evidence showing compliance with 49 U.S.C. § 42121(b)(2)(A) - the hearing on the record conducted expeditiously, including the hearing notice and the hearing record;

(g) evidence showing compliance with 49 U.S.C. § 42121(b)(3)(A) - the final order issued not later than 120 days after the conclusion of the hearing;

(h) evidence showing compliance with 49 U.S.C. § 42121(b)(4)(A) - service of the final order, from which the 60-day petition period runs, on or before September

20, 2026;

(i) evidence showing compliance with 29 C.F.R. § 1980.106 - the filing and docketing of the complainant's objection with the Office of Administrative Law Judges (OALJ Case No. 2026-SOX-00056);

(j) evidence showing compliance with 29 C.F.R. §§ 1980.107-1980.110 - the hearing and the decision; and

(k) for each item not produced, a written statement that no such document exists.

## VIII. PRAYER FOR RELIEF

49. A de novo review, pursuant to 18 U.S.C. § 1514A(b)(1)(B), of Plaintiff's whistleblower complaint lodged with the Secretary of the Department of Labor on February 26, 2026 under 18 U.S.C. § 1514A - Section 806 of the Sarbanes-Oxley Act of 2002, and the procedures of 49 U.S.C. § 42121(b) incorporated by 18 U.S.C. § 1514A(b)(2)(A), assigned OSHA Case No. 301077359, with regard to Plaintiff's protected activity under 18 U.S.C. § 1514A(a)(1)(A) and (a)(2) - namely, providing information to, and assisting in proceedings before, the United States Securities and Exchange Commission, lodged under TCR Submission Nos. 17680-380-040-535 (January 10, 2026) and 17700-708-663-016 (February 2, 2026), relating to alleged violations of 18 U.S.C. §§ 1341, 1343, 1344, and 1348, any rule or regulation of the Securities and Exchange Commission, and any provision of Federal law relating to fraud against shareholders, in connection with the agency's investigation of Defendant Equinix, Inc.'s alleged securities fraud and misrepresentations in its annual filings on Form 10-K and its quarterly filings on Form 10-Q;

(a) A determination under 18 U.S.C. § 1514A(a)(1)(A) that Defendant Equinix, Inc. retaliated against Plaintiff for providing information to the United States

Securities and Exchange Commission - a Federal regulatory agency - under TCR Submission Nos. 17680-380-040-535 (January 10, 2026) and 17700-708-663-016 (February 2, 2026), regarding misrepresentations and falsification in Equinix's annual report on Form 10-K filed under Section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78o(d)), in violation of 18 U.S.C. §§ 1341, 1343, 1344, and 1348, Securities and Exchange Commission rules, and Federal law relating to fraud against shareholders;

(b) A determination under 18 U.S.C. § 1514A(a)(2) that Defendant Equinix, Inc. retaliated against Plaintiff for filing, causing to be filed, and assisting in a proceeding before the Securities and Exchange Commission relating to alleged violations of 18 U.S.C. §§ 1341, 1343, 1344, and 1348, Securities and Exchange Commission rules, and Federal law relating to fraud against shareholders;

(c) A determination under 18 U.S.C. § 1514A(a)(1)(B) that Defendant Equinix, Inc. retaliated against Plaintiff for providing information to a committee of the United States Congress regarding forced labor, labor exploitation, and trafficking under 18 U.S.C. §§ 1589 and 1590, used to validate its securities fraud in violation of 18 U.S.C. §§ 1341, 1343, 1344, and 1348;

(d) A determination under 18 U.S.C. § 1514A(a)(1)(A) that Defendant Equinix, Inc. retaliated against Plaintiff for providing information to Federal regulatory and law enforcement agencies - the Department of the Treasury, Office of Foreign Assets Control (Query No. OFAC-2026-011035); the Department of Homeland Security; and the Department of State - regarding forced labor, trafficking, and labor exploitation used to validate its securities fraud in violation of 18 U.S.C. §§ 1341, 1343, 1344, and 1348;

(e) A declaration that Defendant Equinix, Inc. violated 18 U.S.C. § 1514A(a) by retaliating against Plaintiff for those protected disclosures, through the retaliatory schemes alleged in this Complaint - including interference with United States mail, manipulation of administrative and judicial proceedings, and the use of forced labor, labor exploitation, and human trafficking to validate its false and misleading statements in its annual and quarterly filings.

(f) Compensatory damages for the physical injuries caused by Defendants' forced labor and trafficking used to validate their securities fraud, resulting from the retaliatory schemes, under 18 U.S.C. § 1514A(c);

(g) Compensatory damages for the emotional distress, economic losses, and reputational harm resulting from the retaliatory schemes, under 18 U.S.C. § 1514A(c);

(h) Other damages incurred as a result of the retaliatory schemes alleged in this Complaint;

(i) Litigation costs and expert witness fees, and, to the extent permitted by law, reasonable attorney's fees, under 18 U.S.C. § 1514A(c);

50. Alternatively, a writ of mandamus under 28 U.S.C. § 1361 and 49 U.S.C. § 42121(c) is sought, directing the Secretary of Labor to provide documents and evidence showing compliance with the rules and procedures set forth in 49 U.S.C. § 42121(b), as incorporated by 18 U.S.C. § 1514A(b)(2)(A), in connection with the complaint Plaintiff lodged with the Secretary on February 26, 2026, pursuant to 18 U.S.C. § 1514A(b)(1)(A) (OSHA Case No. 301077359), specifically:

(a) The notice showing compliance with the 60-day requirement of 49 U.S.C. § 42121(b)(2)(A), as incorporated by 18 U.S.C. § 1514A(b)(2)(A), on or before

April 27, 2026;

(b) The notice showing compliance with the requirement that it inform the complainant of the rights under 49 U.S.C. § 42121(b)(2)(A) - the right to file objections within 30 days and to request a hearing on the record;

(c) Evidence of receipt of the complainant's objections and request for hearing, showing compliance with the 30-day requirement of 49 U.S.C. § 42121(b)(2)(A), on or before May 27, 2026 - or, if the notice was served on July 8, 2026, on or before August 7, 2026;

(d) Evidence showing compliance with 49 U.S.C. § 42121(b)(2)(B)(ii) - the employer's demonstration, by clear and convincing evidence, that it would have taken the same unfavourable personnel action against the complainant in the absence of the complainant's protected activity;

(e) Evidence showing compliance with 49 U.S.C. § 42121(b)(2)(A) - receipt by the Secretary of Labor, from the complainant, of the complainant's objections to the findings and request for hearing, including the date of receipt reflected in the Secretary's records;

(f) Evidence showing compliance with 49 U.S.C. § 42121(b)(2)(A) - the hearing on the record conducted expeditiously, including the hearing notice and the hearing record;

(g) Evidence showing compliance with 49 U.S.C. § 42121(b)(3)(A) - the final order issued not later than 120 days after the conclusion of the hearing;

(h) Evidence showing compliance with 49 U.S.C. § 42121(b)(4)(A) - service of the final order, from which the 60-day petition period runs, on or before September 20, 2026;

(i) Evidence showing compliance with 29 C.F.R. § 1980.106 - the filing and docketing of the complainant's objection with the Office of Administrative Law Judges (OALJ Case No. 2026-SOX-00056);

(j) Evidence showing compliance with 29 C.F.R. §§ 1980.107·1980.110 - the hearing and the decision;

(k) For each item not produced, a written statement that no such document exists.

## IX. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief this complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served, and I understand that failure to keep a current address on file may result in dismissal of my case.

Dated: October 28, 2026

Sajjad Nasir, Plaintiff, pro se

30 Railway Terrace, Granville NSW 2142, Australia

Email: sajjadqut01@outlook.com

## X. CERTIFICATE OF SERVICE

I certify that on October 28, 2026, a copy of this Second Amended Complaint will be served on the

Defendants in accordance with Federal Rules of Civil Procedure 4(i) and 4(m), and, as to the Commissioner of Police, State of New South Wales, through the Hague Convention.