**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

Case No. 2:26-cv-03788-JCC

**EXHIBIT 30**

SAJJAD NASIR,

Plaintiff,

v.

THE SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR; EQUINIX, INC.; COMMISSIONER OF POLICE, STATE OF NEW SOUTH WALES, COMMONWEALTH OF AUSTRALIA,

Defendants.

# OSHA SUBMISSION RECORD AND STATUTORY CHRONOLOGY

**COMPLAINT FILED 26 FEBRUARY 2026 — OSHA CASE NO. 301077359**

Tabs 1–2 — submission: online complaint form and manual form, 25–26 February 2026

Tabs 3–5 — appendices to the complaint form: FCC, DOJ and SEC

Tabs 6–14 — follow-ups, agency responses, OALJ review and FOIA, 28 February to 26 July 2026

Tab 15 — de novo filing in the district court, October 2026

Final Sheets — chronology against the statutory deadlines; legislative references

Sajjad Nasir, Plaintiff pro se — November 2026

# TAB 1

## INITIAL ONLINE COMPLAINT AND COMPLAINT FORM — 25 FEBRUARY 2026

**Documents reproduced in this Tab, in order:**

(1) e-mail, Complainant to OSHA.DWPP@dol.gov and oshapublic@dol.gov, 25 February 2026 at 10:14, attaching the complaint form;

(2) the online complaint form as generated by the agency's system on that date, including its error page.

**What this Tab establishes:**

- The complaint was prepared and the first attempt to file it was made on 25 February 2026 — the day of the adverse action.
- The agency's own online system failed, and Complainant asked that the complaint be accepted by e-mail.
- The attachment travels with the e-mail it was sent with; the two are one document.

**Governing provisions:**

*18 U.S.C. § 1514A(b)(1)(A): relief may be sought by "filing a complaint with the Secretary of Labor".*

*29 C.F.R. § 1980.103: the complaint must be filed within 180 days of the violation.*

Outlook

## Difficulty Submitting Online Form – Request to Submit by Email

**From** Sajjad Nasir <sajjadqut01@outlook.com>
**Date** Wed 25/02/2026 10:14
**To** OSHA.DWPP@dol.gov <OSHA.DWPP@dol.gov>; oshapublic@dol.gov <oshapublic@dol.gov>

1 attachment (299 KB)

OSHA Online Whistleblower Complaint Form _ Occupational Safety and Health Administration.pdf;

Dear OSHA Team,

I am writing to submit my form and to inform you that I have attempted multiple times to lodge it through the online system. Each attempt resulted in an error, and the form window that opens separately does not load correctly. As a result, I have been unable to complete the submission through the website.

I am therefore providing my information by email and kindly request confirmation that this method is acceptable, or guidance on an alternative submission process if required.

Thank you for your assistance.

Kind regards,

Sajjad Nasir

U.S. DEPARTMENT OF LABOR

Occupational Safety and Health Administration

Oops, something went wrong. Check your browser's developer console for more details.

# OSHA ONLINE WHISTLEBLOWER COMPLAINT FORM

## Have you suffered an adverse employment action?

**One selection is required**

To have a valid complaint, you must allege that your employer took at least one adverse employment action against you. An action is "adverse" if it negatively affected your conditions of employment in any way (see examples below).

If yes, please list your most recent adverse employment action:

Termination / Layoff

Discipline

Demotion / Reduced Hours

Suspension

Denial of Benefits

Failure to Promote

Failure to Hire / Re-hire

Negative Performance Evaluation

Threat to Take any of the Above Actions

Harrassment / Intimidation

Other (please describe)

SOX/AML/TVPRA: Fraud, TIP & Retaliation See Next

48 / 50

## When did you suffer the most-recent adverse action?

Each whistleblower protection law that OSHA administers requires that complaints be filed within a certain number of days after the alleged adverse employment action. The time periods vary from 30 days to 180 days, depending on the specific law (statute) that applies. For example, Section 11(c) of the OSH Act, which covers workplace safety and health matters, requires that a complaint be filed within 30 days of the adverse employment actionadverse employment action. Under certain extenuating circumstances, however, OSHA may accept a complaint filed after the deadline has expired. Review a summary of the filing deadlines that apply to each statute.

**Date of Most-Recent Adverse Employment Action Required - please enter mm/dd/yyyy)**

* 25/02/2026 Set

(If you cannot remember the exact date, please enter the approximate date.)

# Why do you believe you suffered the adverse employment action(s)? (at least one required)

Please check all that apply:

Filing Requirements

Called / Filed complaint with OSHA

Called / Filed complaint with another government agency

TIP, Fraud, Forced Labor, Detention, Illegal Task Refusa

Complained to management about unlawful conditions, conduct, or practices

Testified or provided statement in a proceeding (e.g., government inspection or investigation)

Because you engaged in protected concerted activities regarding workplace safety and/or health activities

Reported an injury, illness, or accident

Participated in safety and health activities

Refusing to perform a task the employee believes is dangerous or illegal

Other (please describe below)

**Why do you believe you suffered adverse employment action(s)?**

I believe I suffered these adverse actions because I exposed a global network of simulated businesses and shell entities used to defraud markets and fabricate relationships with Equinix Inc NASDAQ EQIX and SEC Inc NYSE SCE. My reports constitute protected activity under SOX TVPRA and United States National Security statutes.
1 Global Market Manipulation and Fraud
I reported the use of simulated business models and shell entities to commit market and securities fraud. These activities misrepresent infrastructure integrity to the NASDAQ NYSE United States Securities and Exchange Commission SEC ASIC Australia ACRA Singapore and SESC Japan.

2 Trafficking in Persons and Deceptive Recruitment
I reported human trafficking and deceptive recruitment practices used to maintain infrastructure hubs. These phantom entities fabricate relations with Equinix Inc and SEC Inc to facilitate these crimes which I reported to the United States State Department TIP Office FBI DHS AFP and the Trafficking Hotline.

1987 / 2000

**Is there anything else that you would like OSHA to know about what happened?**

To evade continuous United States security oversight of undersea cable backhaul and regional hubs a plan of deceptive recruitment was initiated. Victims were recruited under the false impression of placement at Equinix Inc via SEC Inc NYSE SCE and a shell customer Leaseweb registered with false identities in Australia HK Singapore and Japan.

3 Human Trafficking at Global Switch
Recruited personnel were transported for forced labor in Chinese State Owned facilities Global Switch via confidential entrances. Victims were held for months forced to transfer hardware while traveling on van floors in life threatening conditions.

4 Financial Coercion National Australia Bank
National Australia Bank NAB acting as part of this network facilitated cash transfers while backdating them to create fraudulent debt against the victims. Recruiters employees were terminated immediately upon return but remained hired on paper for the two United States entities for tax reporting and fraudulent disclosure purposes.

1933 / 2000

# When you suffered the adverse action, who did you work for?

**Company Name ***

**Equinix Inx CSC Inc Leaseweb USA**

**Is this a private or public sector employer? (Required)**

Private

Public

# When you suffered the adverse employment action, where was your worksite?

(e.g., home office; official duty station; dispatch; home terminal)

Worksite Address when Alleged Retaliation Occurred (Street, City, State, Zip):

**Street:**

1

**State: ***

**California**

**City:**

REDWOOD CITY

**Zip:**

94065

Location on Federal or Military Base

**What is the name of the person who issued the adverse employment action(s), title or position, and contact information?**

Please note address is not correct due to form limitation for international address

Names provided were largely false and identities fake. Correspondence was conducted through Equinix Inc facility channels and associated phantom entities to

305 / 1000

**What reason(s) did your employer give for the adverse action(s)?**

The employers stated reasons shifted over time as the retaliation escalated. Initially after my refusal to perform illegal tasks and reporting safety hazards at the infrastructure hubs they provided no formal reason.

609 / 1000

# How can OSHA contact your employer?

**Employer Name** (if different from "Company Name" above)**:**

Equinix Inc. Leaseweb USA. CSC

Name and Title of Management Person (*for contact purposes only*)

**Name:**

Yip On

M.I.

Yapoon

**Title:**

Operations Director APAC

**Phone:**

###-###-####

**Ext**

**Name and Title of Your Supervisor:**

**Name:**

Yip On

M.I.

Yapoon

Employer Mailing Address (*if different from worksite address, i.e., Corporate or Headquarters, etc.*):

**Street:**

One Lagoon Drive

**State:**

California

**City:**

REDWOOD CITY

**Zip:**

94065

**Employer Phone:**

650-598-6000

**Alt Phone:**

650-598-6000

**Employer Fax:**

###-###-####

**Alt Fax:**

###-###-####

**Employer Email:**

Email address

**Type of Business:**

Business Type

## How can OSHA contact you?

**Please complete all required fields**

**Name (Required):**

*

**Sajjad**

M.I.

*

**Nasir**

Mailing Address (Street, City, State, Zip) (**Required**):

**Street: ***

**30 Railway Tce Granville 2142 NSW Australia**

**State: ***

**Alabama**

**City: ***

ACMAR

**Zip: ***

35004

Telephone Numbers (include area code) (**at least one required**):

**Home:**

650-598-6000

**Work:**

###-###-####

**Ext**

**Cell:**

650-598-6000

No Telephone Available

**Email Address (Required):**

sajjadqut01@outlook.com

**Confirm Email Address (Required)**

sajjadqut01@outlook.com

Other Contact Person?

**Name:**

First Name

M.I.

Last Name

**Phone:**

###-###-####

**Preferred Method of Contact:**

Select one...

**Preferred Time of Contact:**

Select one...

Do you require the use of a translation service to speak with an OSHA Representative?

Yes (specify language)

No

Specify Language

## Designated Representative

**Do you have an authorized / designated representative (e.g., attorney, shop steward)?**

No

Yes

**Are you an authorized / designated representative (e.g., attorney, shop steward) that is filing on behalf of an employee?**

No

Yes

**If yes for either, please provide contact information for the authorized/designated representative:**

**Name:**

Sajjad

M.I.

Nasir

**Title:**

Title

**Organization Name (if any):**

Organization Name

**Union Affiliation (if any):**

Union Name

**Address (Street, State, City, Zip Code):**

**Street:**

30 Railway Tec

**State:**

California

**City:**

REDWOOD CITY

**Zip:**

94065

**Phone (day):**

###-###-####

**Ext**

**Email:**

sajjadqut01@outlook.com

By checking this box, I certify that the named employee has authorized me to act as their representative for purposes of this complaint.

## Submission

Please review the information you have entered to ensure that it is accurate. You may change any answers as needed before submitting the form.

**NOTE: It is unlawful to make any materially false, fictitious, or fraudulent statement to an agency of the United States. Violations can be punished by a fine or by imprisonment of not more than five years, or by both. See 18 U.S.C. 1001(a); 29 U.S.C. 666(g).**

**By clicking SUBMIT below, you certify that the information in this complaint is true and correct to the best of your knowledge and belief. Please click "Submit" only once. Remember that you cannot file a whistleblower complaint with OSHA anonymously. If you file a complaint, OSHA will contact you to discuss your complaint. If OSHA proceeds with an investigation, the employer will be notified of your complaint.**

**Filing a complaint with OSHA does not preclude you from filing a complaint with another government or regulatory agency, i.e., WHD, NLRB, OSC, EEOC, etc.**

All services are free, whether you are documented or not. Please remember that your employer cannot terminate you or in any other manner retaliate against you for filing a complaint with OSHA, or any other government or regulatory agency.

Verification expired. Check the checkbox again.

I'm not a robot

reCAPTCHA
Privacy - Terms

**Cancel, Return to www.whistleblowers.gov**

**We are processing the submitted data. This may take several minutes. Please do not close or refresh the browser.**

**PRIVACY ACT STATEMENT**

This form requests personal information that is relevant and necessary to determine whether and how to conduct an investigation. OSHA collects this information in order to process complaints under its statutory and regulatory authority. Once a complaint is filed, the individual's name and information about the allegations of retaliation will be disclosed to the employer. During the course of an OSHA investigation, information contained in an investigative case file may be disclosed to the parties in order to resolve the complaint. During an investigation, information about the complaining party and the employer will not be released to the public except to the extent allowed under the Freedom of Information Act (FOIA). However, once a case is closed, it is possible that information contained in the complaint or a case file may be released to the public as required by the FOIA. Any such documents will be redacted as appropriate under the FOIA and the Privacy Act.

**PAPERWORK REDUCTION ACT STATEMENT**

According to the Paperwork Reduction Act, an Agency may not conduct or sponsor, and no persons are required to respond to a collection of information unless such collection displays a valid OMB control number. Public reporting burden for this voluntary collection of information is estimated to be one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Please send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to OSHA.DWPP@dol.gov or to the Directorate of Whistleblower Protection Programs, Department of Labor, Room N4624, 200 Constitution Ave., NW, Washington, DC; 20210; Attn: Paperwork Reduction Act Comment. (This address is for comments only; do not send completed complaint forms to this office.)

OMB Approval # 1218-0236; Expires: 03-31-2027

OSHA 8-60.1. (Rev.10/22).

Scroll to Top

**U.S. DEPARTMENT OF LABOR**

Occupational Safety and Health Administration
200 Constitution Ave NW
Washington, DC 20210
1-800-321-OSHA
1-800-321-6742
www.osha.gov

# TAB 2

## MANUAL FORM SUBMISSION AND COMPLETED COMPLAINT FORM — 26 FEBRUARY 2026

**Documents reproduced in this Tab, in order:**

(1) e-mail, OSHA.DWPP@dol.gov to Complainant, 26 February 2026 at 01:04: "If it does not work, submitting via email is acceptable."

(2) e-mail, Complainant to OSHA.DWPP@dol.gov, 26 February 2026 at 11:24, submitting the completed form and the appendices reproduced at Tabs 3 to 5;

(3) the completed OSHA Online Whistleblower Complaint Form.

**What this Tab establishes:**

- The complaint was filed with the Secretary of Labor on 26 February 2026, with the agency's express authorisation and one day after the adverse action of 25 February 2026.
- Measured from 26 February 2026: the 60-day period expired 27 April 2026; the 120-day period expired 26 June 2026; the 180-day period expired 25 August 2026.

**Governing provisions:**

*49 U.S.C. § 42121(b)(2)(A): investigation, determination of reasonable cause and written findings within 60 days of receipt.*

*29 C.F.R. § 1980.104–1980.105: investigation and findings.*

Outlook

## RE: Difficulty Submitting Online Form – Request to Submit by Email

**From** OSHA.DWPP <OSHA.DWPP@dol.gov>
**Date** Thu 26/02/2026 01:04
**To** Sajjad Nasir <sajjadqut01@outlook.com>

Good morning,

This is the complaint form for whistleblower complaints. It may automatically scroll all the way down, so you would have to scroll up to fill it out. OSHA Online Whistleblower Complaint Form | Occupational Safety and Health Administration

If it does not work, submitting via email is acceptable. Please provide your full name, contact information (phone and email), address, employer and their address, and information regarding your complaint.

You may also call your local office and file over the phone. Select your state to find the best phone number: OSHA Offices by State | Occupational Safety and Health Administration

Sincerely,
Directorate of Whistleblower Protection Programs.

**From:** Sajjad Nasir <sajjadqut01@outlook.com>
**Sent:** 26 February 2026 11:24
**To:** OSHA.DWPP <OSHA.DWPP@dol.gov>
**Subject:** Re: Submitting OSHA Administered Whistle-blower Complaint

Good morning,

Thank you for your guidance regarding alternative submission methods.

As the online form continued to produce errors, I am submitting my completed Whistleblower Complaint Form by email. The filled form is attached, along with copies of the related complaints previously lodged with the relevant agencies.

Please let me know if any further information is required.

Regards,
Sajjad Nasir

U.S. DEPARTMENT OF LABOR

Occupational Safety and Health Administration

# OSHA ONLINE WHISTLEBLOWER COMPLAINT FORM

## Have you suffered an adverse employment action?

**One selection is required**

To have a valid complaint, you must allege that your employer took at least one adverse employment action against you. An action is "adverse" if it negatively affected your conditions of employment in any way (see examples below).

If yes, please list your most recent adverse employment action:

Termination / Layoff

Discipline

Demotion / Reduced Hours

Suspension

Denial of Benefits

Failure to Promote

Failure to Hire / Re-hire

Other (please describe)

1. Obstruction of justice and denial of access to legal processes after reporting.
2. Harassment and intimidation following my attempts to report deceptive recruitment, unsafe work, and injury.
3. Denial of access to medical treatment and benefits through state systems, including a phantom workers' compensation claim with no employer record.
4. rbitrary arrest and detention through state actors and police shortly after lodging complaints.

## When did you suffer the most-recent adverse action?

Each whistleblower protection law that OSHA administers requires that complaints be filed within a certain number of days after the alleged adverse employment action. The time periods vary from 30 days to 180 days, depending on the specific law (statute) that applies. For example, Section 11(c) of the OSH Act, which covers workplace safety and health matters, requires that a complaint be filed within 30 days of the adverse employment actionadverse employment action. Under certain extenuating circumstances, however, OSHA may accept a complaint filed after the deadline has expired. Review a summary of the filing deadlines that apply to each statute.

**Date of Most-Recent Adverse Employment Action Required - please enter mm/dd/yyyy)**

* 25/02/2026 Set

(If you cannot remember the exact date, please enter the approximate date.)

# Why do you believe you suffered the adverse employment action(s)? (at least one required)

**BACKGROUND :**

I believe I suffered the adverse actions because the recruitment was deceptive and designed to evade U.S. law, specifically the Secure and Trusted Communications Networks Act of 2019 and the FCC's Covered List prohibitions. The scheme involved Chinese state-owned telecommunications enterprises listed on the FCC Covered List — including Huawei Technologies Company, ZTE Corporation, Hytera Communications Corporation, Hikvision, Dahua Technology, China Telecom (Americas), China Mobile International USA, China Unicom (Americas), and Pacific Networks/ComNet — together with two U.S. entities, Equinix Inc. (NASDAQ: EQIX) and CSC (NYSE: CSE), and with the assistance of Australian and Singapore state agencies.

**Trafficking In Person and Illegal Cash Transfers:**
The recruitment misrepresented the job, concealed the real work environment, and resulted in my identity being used to move me between Australia and Singapore without proper records. I was taken to high-risk facilities associated with Covered List entities and required to perform unsafe physical tasks that caused injuryMy identity was misused to traffic me between Australia and Singapore without records, under the false representation that I would be working for U.S.-linked entities in Australia. Instead, I was covertly transported to high-risk data-center environments associated with banned Covered List entities. This included being moved secretly, including on van floors, and being required to perform unsafe, illegal, and physically hazardous tasks that resulted in injury.

**Forced labor and Exploitations:**
Because the true employer and worksite were concealed, I could not report concerns through any normal workplace structure. I instead lodged complaints with multiple state bodies regarding deceptive recruitment, unsafe work, injury, and trafficking indicators. Immediately after these protected activities, I experienced retaliation carried out through state actors, including harassment, intimidation, denial of medical treatment and benefits, obstruction of justice, phantom workers' compensation activity, and arbitrary detention. These actions occurred only after I attempted to report the unlawful conditions. I then reported the matter to U.S. authorities, including the FCC, SEC, and the Department of Justice, regarding deceptive recruitment, trafficking indicators, money-movement irregularities, and the involvement of foreign state-owned telecommunications entities with Australian, Singaporean, and U.S.-linked entities. Immediately after these protected activities, I experienced further adverse actions through state actors, including denial of medical treatment, obstruction of justice, and intimidation.

## Why do you believe you suffered adverse employment action(s)?

1. I attempted to report the matter to the Australian Federal Police and the Singapore Police Force, but no action was taken.

2. I attempted to report the unsafe work, deceptive recruitment, and trafficking indicators to the Australian Workers' Health and Safety authorities and the Singapore Ministry of Manpower (Labour), but these reports were dismissed or blocked.

3. I reported my injury to the workers' compensation systems in Australia and Singapore to obtain medical treatment, but treatment and benefits were denied, and a phantom claim was created with no employer record.

4. I reported the illegal cash transfers and disguised payments to Australian and Singaporean financial authorities, including concerns about money-movement irregularities connected to the recruitment network.

5. I attempted to reach the Australian High Court, the Australian Supreme Court, and the Singapore Courts to seek legal remedy, but access to justice was denied at every level.

6. Subsequently, with additional information, I reported the matter to U.S. authorities, including the U.S. Securities and Exchange Commission (SEC), the U.S. Department of Justice, the U.S. State Department Office to Monitor and Combat Trafficking in Persons, and the Federal Communications Commission (FCC). I also submitted whistleblower TIPS to the SEC.

**Is there anything else that you would like OSHA to know about what happened?**

**1.** PUBLIC SAFETY AND HOMELAND SECURITY BUREAU ANNOUNCES ADDITIONS TO THE LIST OF EQUIPMENT AND SERVICES COVERED BY SECTION 2 OF THE SECURE NETWORKS ACT WC Docket No. 18-89, ET Docket No. 21-232, EA Docket No. 21-233

2. UNIFORMED SANITATIONMEN'S ASSOCIATION COMPENSATION ACCRUAL FUND, Plaintiff, .EQUINIX, INC., et al., Defendants. Case No. 24-cv-02656-VC

## When you suffered the adverse action, who did you work for?

**Company Name ***

Equinix Inc. (NASDAQ: EQIX)

CSC Inc. (NYSE: CSE)

Leaseweb USA

**Additional Information:**

**Equinix Inc.** and **CSC Inc**. do not have any legitimate subsidiaries or registered employing entities corresponding to the roles I was placed into.On paper, I was placed as an employee of Equinix Inc. at the Australian facility located at:Unit B, 200 Bourke Road, Alexandria, Sydney, NSW 2015, Australia.

"In reality, CSC Inc. used multiple false or improperly registered identities — including Leaseweb USA, Leaseweb America, Leaseweb Australia, Leaseweb Hong Kong, and Leaseweb Singapore — to arrange my transport and placement at a foreign state-linked telecommunications facility located inside Global Switch, 2 Tai Seng Avenue, Singapore 534408. Leaseweb was presented as a contracting entity but operated under fabricated or irregular registrations, and CSC Inc. and Leaseweb functioned together as placement shells providing services to Equinix Inc. while concealing the true employer, the actual worksite, and the nature of the work.

**Is this a private or public sector employer? (Required)**

Private

Public

# When you suffered the adverse employment action, where was your worksite?

(e.g., home office; official duty station; dispatch; home terminal)

Worksite Address when Alleged Retaliation Occurred (Street, City, State, Zip):

**Street:**

China Mobile , Global Switch, 2 Tai Seng Avenue, Singapore 534408

**State: ***

**Singapore**

**City:**

**Singapore**

**Zip:**

**534408**

**What is the name of the person who issued the adverse employment action(s), title or position, and contact information?**

There was no identifiable individual responsible for the adverse actions. All communication was conducted through email using false names and fabricated identities. One individual identified himself as a "Director of Operations," but the identity could not be verified.

Correspondence was routed through Equinix Inc. facility channels and through phantom entities associated with CSC Inc. and Leaseweb, making it impossible to determine a real person or legitimate employer representative.

**What reason(s) did your employer give for the adverse action(s)?**

The stated reasons shifted over time as the retaliation escalated. Initially, after my refusal to perform illegal tasks and after reporting safety hazards at the infrastructure hubs, no formal reason was provided.

Because the actions were carried out through state actors rather than a direct employer, no explicit explanation was ever communicated. The adverse actions—including harassment, intimidation, denial of medical treatment, obstruction of justice, and arbitrary detention—occurred only after I attempted to report the unlawful conditions, the deceptive recruitment, and the injury.

# How can OSHA contact your employer?

**Employer Name** (if different from "Company Name" above)**:**

**Name and Title of Management Person (*for contact purposes only*)**

The only individual ever identified in the communication chain was a person using the name Yuan On Yip, who presented himself as a 'Director of Operations.' This was the sole name provided during the placement process, although the identities used throughout were largely false, unverifiable, or fabricated, and no legitimate employer representative or accountable management contact was ever confirmed

**Name:**

Yuan On

M.I.

Yip

**Title:**

Operations Director APAC

**Phone:**

###-###-####

**Ext**

**Name and Title of Your Supervisor:**

**Name:**

Yuan On

M.I.

Yip

Employer Mailing Address (*if different from worksite address, i.e., Corporate or Headquarters, etc.*):

**Street:**

One Lagoon Drive

**State:**

California

**City:**

REDWOOD CITY

**Zip:**

94065

**Employer Phone:**

650-598-6000

**Alt Phone:**

650-598-6000

**Employer Fax:**

###-###-####

**Alt Fax:**

###-###-####

**Employer Email:**

Email address

**Type of Business:**

Business Type

# How can OSHA contact you?

**Please complete all required fields**

**Name (Required):**

*

**Sajjad**

M.I.

*

**Nasir**

Mailing Address (Street, City, State, Zip) (**Required**):

**Street: ***

**30 Railway Tce Granville 2142 NSW Australia**

**State: ***

New South Wales

**City: ***

Granville

**Zip: ***

2142

**Email Address (Required):**

sajjadqut01@outlook.com

**Confirm Email Address (Required)**

sajjadqut01@outlook.com

## Submission

Please review the information you have entered to ensure that it is accurate. You may change any answers as needed before submitting the form.

**NOTE: It is unlawful to make any materially false, fictitious, or fraudulent statement to an agency of the United States. Violations can be punished by a fine or by imprisonment of not more than five years, or by both. See 18 U.S.C. 1001(a); 29 U.S.C. 666(g).**

**By clicking SUBMIT below, you certify that the information in this complaint is true and correct to the best of your knowledge and belief. Please click "Submit" only once. Remember that you cannot file a whistleblower complaint with OSHA anonymously. If you file a complaint, OSHA will contact you to discuss your complaint. If OSHA proceeds with an investigation, the employer will be notified of your complaint.**

**Filing a complaint with OSHA does not preclude you from filing a complaint with another government or regulatory agency, i.e., WHD, NLRB, OSC, EEOC, etc.**

All services are free, whether you are documented or not. Please remember that your employer cannot terminate you or in any other manner retaliate against you for filing a complaint with OSHA, or any other government or regulatory agency.

**We are processing the submitted data. This may take several minutes. Please do not close or refresh the browser.**

**PRIVACY ACT STATEMENT**

This form requests personal information that is relevant and necessary to determine whether and how to conduct an investigation. OSHA collects this information in order to process complaints under its statutory and regulatory authority. Once a complaint is filed, the individual's name and information about the allegations of retaliation will be disclosed to the employer. During the course of an OSHA investigation, information contained in an investigative case file may be disclosed to the parties in order to resolve the complaint. During an investigation, information about the complaining party and the employer will not be released to the public except to the extent allowed under the Freedom of Information Act (FOIA). However, once a case is closed, it is possible that information contained in the complaint or a case file may be released to the public as required by the FOIA. Any such documents will be redacted as appropriate under the FOIA and the Privacy Act.

**PAPERWORK REDUCTION ACT STATEMENT**

According to the Paperwork Reduction Act, an Agency may not conduct or sponsor, and no persons are required to respond to a collection of information unless such collection displays a valid OMB control number. Public reporting burden for this voluntary collection of information is estimated to be one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Please send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to OSHA.DWPP@dol.gov or to the Directorate of Whistleblower Protection Programs, Department of Labor, Room N4624, 200 Constitution Ave., NW, Washington, DC; 20210; Attn: Paperwork Reduction Act Comment. (This address is for comments only; do not send completed complaint forms to this office.)

OMB Approval # 1218-0236; Expires: 03-31-2027

OSHA 8-60.1. (Rev.10/22).

**U.S. DEPARTMENT OF LABOR**

Occupational Safety and Health Administration
200 Constitution Ave NW
Washington, DC 20210
1-800-321-OSHA
1-800-321-6742
www.osha.gov

| FEDERAL GOVERNMENT | OCCUPATIONAL SAFETY & HEALTH | ABOUT THE SITE |
|---|---|---|
| White House | Frequently Asked Questions | Freedom of Information Act |
| Disaster Recovery Assistance | A - Z Index | Disclaimers |
| DisasterAssistance.gov | Freedom of Information Act - OSHA | Plug-ins Used on DOL.gov |
| USA.gov | Read The OSHA Newsletter | Accessibility Statement |
| No Fear Act Data | Subscribe to the OSHA Newsletter | Privacy & Security Statement |
| U.S. Office of Special Counsel | OSHA Publications | Important Website Notices |
| | Office of Inspector General | Site Map |

# TAB 3

## APPENDIX 1 — FCC ECFS FILING CONFIRMATION, 21 FEBRUARY 2026

Document: confirmation of Complainant's filing with the Federal Communications Commission through the ECFS system, dated 21 February 2026.

**What this Tab establishes:**

- A protected disclosure was lodged with a federal regulatory agency — the FCC — four days before the adverse action of 25 February 2026.
- The disclosure concerned the use of non-operating entities and deceptive recruitment to obtain access to restricted infrastructure, which the submission presented as misrepresentation to investors and regulators.

**Governing provision — 18 U.S.C. § 1514A(a)(1)(A):**

> *Information provided to "a Federal regulatory or law enforcement agency" regarding conduct the employee reasonably believes violates §§ 1341, 1343, 1344 or 1348, any SEC rule, or any federal law relating to fraud against shareholders.*

Complaint Appendix 1 – Original Complaints and Protected W histle blower Activities Submitted to Government Agencies

Outlook

## FCC ECFS Filing Confirmation

**From** noreply@fcc.gov <noreply@fcc.gov>
**Date** Sat 21/02/2026 10:33
**To** sajjadqut01@outlook.com <sajjadqut01@outlook.com>

Your filing will not be available for searching and retrieval immediately. To check its status click the link below, or click "check filing status" in ECFS and enter your confirmation number. A filing status of "RECEIVED" means that it has not yet been made publicly available. A filing status of "DISSEMINATED" means that it is available for searching and retrieval by the public.
Confirmation Number: 20260220215888046
Click to review: https://www.fcc.gov/ecfs/filing/status/detail/confirmation/20260220215888046
Proceeding(s): 20-109
Filer(s): Sajjad Nasir
Attorney/Author(s): N/A
Law firm(s): N/A
Date Submitted: 02/20/2026
Primary Contact Email: sajjadqut01@outlook.com
Documents(s) Attached: Petition for Declaratory Ruling AND NOTICE OF CORRECTIVE REFILING.pdf
Address: U 29 30-44 Railway TEC , Granville 2142 , NSW , Australia

# TAB 4

## APPENDIX 2 — DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION, REPORT 728857-BTF

## 18–20 FEBRUARY 2026

Documents: the Department of Justice Civil Rights Division response of 20 February 2026 (report number 728857-BTF) and Complainant's reply of 25 February 2026 supplying the underlying documentation.

**What this Tab establishes:**

- A further protected disclosure was lodged with a federal law enforcement agency before the adverse action.
- The report alleged trafficking-in-persons and forced labour used to staff the infrastructure through which the financial misstatements were produced — the labour exploitation being the mechanism of the fraud, not a separate grievance.
- The DOJ assigned a report number, thereby recording that the disclosure was received.

**Governing provisions:**

*18 U.S.C. § 1514A(a)(1)(A): disclosures to "a Federal regulatory or law enforcement agency".*

*18 U.S.C. § 1589 and § 1595: forced labour, and the civil action available to its victims.*

complaint Appendix 2 – Original Complaints and Protected Whistle blower Activities Submitted to Government Agencies

Outlook

**Fw: Response: Your Civil Rights Division Report - 728857-BTF from the Administrative Section**

**From** Sajjad Nasir <sajjadqut01@outlook.com>
**Date** Wed 25/02/2026 14:27
**To** Criminal.Division@usdoj.gov <Criminal.Division@usdoj.gov>

1 attachment (27 MB)
WHRC_23982.pdf;

Dear DOJ - Human Rights and Special Prosecutions Section (HRSP),

I would like to provide additional relevant information regarding this complaint that I was unable to include in the initial form due to the lack of an attachment feature. Please advise on how I can provide this evidence and documentation to the Human Rights and Special Prosecutions Section (HRSP) which relates to :

1. **International Human Trafficking, Forced Labor and Related Crimes**
2. **Human Rights Violators**

Sincerely,

Sajjad Nasir

---

**From:** DOJ Civil Rights - Do Not Reply <civilrightsdonotreply@mail.civilrights.usdoj.gov>
**Sent:** 20 February 2026 00:25
**To:** sajjadqut01@outlook.com <sajjadqut01@outlook.com>
**Subject:** Response: Your Civil Rights Division Report - 728857-BTF from the Administrative Section

U.S. Department of Justice
**Civil Rights Division**
civilrights.justice.gov

Dear Sajjad Nasir,

You contacted the Department of Justice on February 18, 2026.

#What we did:

Your report number is 728857-BTF.

Team members from the Civil Rights Division reviewed the information you submitted. Based on your report, our team determined that you alleged a criminal violation of civil

rights.

We will carefully review your report and will contact you if we need additional information. However, you should be aware that the Civil Rights Division receives thousands of reports from the public each year and generally becomes involved only after an investigation is started by the Federal Bureau of Investigation (FBI) or other law enforcement agency.

Accordingly, we want to make you aware that in situations involving criminal violations of federal civil rights laws, the FBI serves as the first and best place to report.

#What you can do:

The FBI may be able to help in your situation. You can contact the FBI by any of the methods outlined below.

**Online:**

[www.fbi.gov/contact-us](www.fbi.gov/contact-us)

**By phone or in-person:**

Contact your local FBI office (recommended)

[www.fbi.gov/contact-us/field-offices](www.fbi.gov/contact-us/field-offices)

#How you helped:

Your report will help us advance civil rights. Information from reports such as yours helps us understand emerging trends and issues in civil rights. This helps inform how we protect the civil rights of all people in this country.

Thank you for taking the time to contact the Department of Justice about your concerns.

Sincerely,

U.S. Department of Justice
Civil Rights Division

## Contact

civilrights.justice.gov

U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

(202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf (TTY) (202) 514-0716

# TAB 5

## APPENDIX 3 — SEC TIPS, COMPLAINTS AND REFERRALS

## SUBMISSION NO. 17680-380-040-535 — 10 JANUARY 2026

Document: SEC Tips, Complaints and Referrals Summary Page confirming receipt of Submission No. 17680-380-040-535, exported 10 January 2026.

**What this Tab establishes:**

• Complainant provided information to the SEC on 10 January 2026 — forty-six days before the adverse action of 25 February 2026.

• The information concerned Equinix's Forms 10-K and 10-Q and the certifications of those reports, and alleged violations of §§ 1341, 1343, 1344 and 1348, SEC rules and federal shareholder-fraud law.

**Governing provisions:**

*18 U.S.C. § 1514A(a)(1): information concerning §§ 1341, 1343, 1344, 1348, SEC rules, or shareholder fraud.*

*18 U.S.C. § 1348: scheme to defraud in connection with a registered security.*

*SOX § 302 (15 U.S.C. § 7241): CEO/CFO certification of periodic reports.*

*SOX § 906 (18 U.S.C. § 1350): certification of compliance and fair presentation.*

U.S. Securities and Exchange Commission

complaint Appendix 3 – Original Complaints and Protected Whistle blower Activities Submitted to Government Agencies

# Tips, Complaints, and Referrals

## Summary Page - After Submission

**This export was generated on Sat, January 10, 2026 at 04:40:05 AM EST**

The Complaint Form questions that you responded to, the answers you entered for those questions, and any documents that you have uploaded to this TCR are listed below.

**Submission Number:** 17680-380-040-535

Thank you for contacting the United States Securities and Exchange Commission. This automated response with your Submission Number confirms that your submission has been received successfully. Please write down your Submission Number or print/save a copy of your submission for future reference. Once you navigate away from this page you will not be able to get back to your submission.

We are always interested in hearing from the public, and your submission will be given careful consideration in view of the Commission's overall responsibilities under the federal securities laws. Please note, however, that it is the Commission's policy to conduct its investigations on a non-public basis in order to preserve the integrity of its investigative process. Subject to the provisions of the Freedom of Information Act, we cannot disclose to you any information which we may gather, nor can we confirm the existence or nonexistence of an investigation, unless such information is made a matter of public record in proceedings brought before the Commission or the courts. Therefore, this may be the only response that you receive. If you want to learn more about how the Commission handles inquiries or complaints, please visit http://www.sec.gov/complaint/info_tipscomplaint.shtml.

Please note that if you selected an answer of "Yes" to the question indicating that you want to file this information under the SEC's Whistleblower program, you are agreeing to the following statement:

- I declare under penalty of perjury under the laws of the United States that the information contained herein is true, correct and complete to the best of my knowledge, information, and belief. I fully understand that I may be subject to prosecution and ineligible for a whistleblower award if, in my submission of information, my other dealings with the SEC, or my dealings with another authority in connection with a related action, I knowingly and willfully make any false, fictitious, or fraudulent statements or representations, or use any false writing or document knowing that the writing or document contains any false, fictitious, or fraudulent statement or entry.

If you are an attorney completing this form on behalf of your client, by selecting an answer of "Yes" to the question indicating that you want to file this information under the SEC's Whistleblower program, you are agreeing to the following statement:

- I certify that I have reviewed this form for completeness and accuracy and that the information contained herein is true, correct and complete to the best of my knowledge, information and belief. I further certify that I have verified the identity of the whistleblower on whose behalf this form is being submitted by viewing the whistleblower's valid, unexpired government issued identification (e.g., driver's license, passport) and will retain an original, signed copy of this form, with Section F signed by the whistleblower, in my records. I further certify that I have obtained the whistleblower's nonwaiveable consent to provide the Commission with his or her original signed Form TCR upon request in the event that the Commission requests it due to concerns that the whistleblower may have knowingly and willfully made false, fictitious, or fraudulent statements or representations, or used any false writing or document knowing that the writing or document contains any false fictitious or fraudulent statement or entry; and that I consent to be legally obligated to do so within 7 calendar days of receiving such a request from the Commission.

PRINT SUBMISSION

# TAB 6

## 28 FEBRUARY 2026 — REFERENCE NUMBER REQUESTED

Document: e-mail from Complainant to OSHA.DWPP@dol.gov and OSHAPublic@dol.gov, 28 February 2026 at 10:11: “Could you please confirm receipt and provide a reference number for this complaint?”

**What this Tab establishes — and the statutory duty it tests:**

- Two days after filing, the agency had given no acknowledgment, no case number and no investigator.
- The request is made inside the 60-day period, so the agency's silence cannot be attributed to the deadline not yet having arrived.

**Governing provisions:**

*18 U.S.C. § 1514A(b)(2)(A): procedures of 49 U.S.C. § 42121(b) apply.*

*49 U.S.C. § 42121(b)(2)(A): investigation and written findings within 60 days.*

**From:** Sajjad Nasir <sajjadqut01@outlook.com>
**Sent:** Saturday, February 28, 2026 10:11
**To:** OSHA.DWPP <OSHA.DWPP@dol.gov>; OSHA Public <OSHAPublic@dol.gov>
**Subject:** Re: Submitting OSHA Administered Whistle-blower Complaint

Good morning,

I'm writing to follow up on my earlier email submitting my completed Whistleblower Complaint Form, along with the related complaints previously lodged with the relevant agencies. Could you please confirm receipt and provide a reference number for this complaint? This will help me keep my records in order and ensure everything has been properly logged. Thank you for your assistance.

Regards,

Sajjad Nasir

# TAB 7

## 26 APRIL 2026, 19:42 — SECOND REQUEST, EVE OF THE 60-DAY DEADLINE

Document: e-mail from Complainant to OSHA.DWPP@dol.gov, OSHAPublic@dol.gov, desk.help@dol.gov and AskMSHA@dol.gov, 26 April 2026 at 19:42: “I have not yet received this information.”

**What this Tab establishes — and the statutory duty it tests:**

- On the last full day of the 60-day period the agency had still issued no reference number, no findings and no determination.
- The complaint had therefore never been docketed, and no investigation could have been conducted.

**Governing provisions:**

*49 U.S.C. § 42121(b)(2)(A): findings and written notification within 60 days.*

*29 C.F.R. § 1980.105: findings and preliminary order.*

**From:** Sajjad Nasir <sajjadqut01@outlook.com>
**Sent:** Sunday, April 26, 2026 19:42
**To:** OSHA.DWPP <OSHA.DWPP@dol.gov>; OSHA Public <OSHAPublic@dol.gov>; desk.help@dol.gov <desk.help@dol.gov>; AskMSHA@dol.gov <AskMSHA@dol.gov>
**Subject:** Re: Submitting OSHA Administered Whistle-blower Complaint

Dear Department of Labour,

I am writing to follow up regarding the Whistleblower Complaint Form I submitted via email. Previously, I requested a reference number to confirm receipt and to assist with maintaining accurate records. However, I have not yet received this information.

Could you please provide the complaint reference number at your earliest convenience? This will help ensure that my submission has been properly logged and allow me to keep my records up to date.

Thank you for your attention to this matter.

Regards,

Sajjad Nasir

# TAB 8

## 26 APRIL 2026, 20:41 — ESCALATION TO THE DEPARTMENT OF LABOR OIG

Document: e-mail from Complainant to OIGWhistleblower@oig.dol.gov, 26 April 2026 at 20:41, asking the Whistleblower Protection Coordinator to confirm whether a reference number had been assigned.

**What this Tab establishes — and the statutory duty it tests:**

- Complainant pursued every available route inside the Department before the 60-day period expired.
- The escalation is evidence that the absence of a determination was the agency's, not the claimant's.

**Governing provisions:**

*18 U.S.C. § 1514A(b)(1)(B): de novo review is available where the delay is not due to the claimant's bad faith.*

*49 U.S.C. § 42121(b)(2)(A): the agency's findings duty was running.*

**From:** Sajjad Nasir <sajjadqut01@outlook.com>
**Sent:** Sunday, April 26, 2026 20:41
**To:** OIGWhistleblower@oig.dol.gov <OIGWhistleblower@oig.dol.gov>
**Subject:** Re: Submitting OSHA Administered Whistle-blower Complaint

Dear Whistleblower Protection Coordinator,

I am writing to follow up on a whistleblower complaint I previously submitted to the Department of Labor through OSHA's Whistleblower Protection Programs. I have requested a reference number from the relevant offices to confirm receipt, but I have not yet received one.

If your office is able to confirm whether a reference number has been assigned, or advise whether additional steps are required on my part, I would appreciate it.

Thank you for your time and attention.

Regards,

Sajjad Nasir

# TAB 9

## 9 JUNE 2026 — NO RESPONSE; NO REVIEW APPLICATION POSSIBLE

Document: e-mail from Complainant to OIGWhistleblower@oig.dol.gov, OSHA.DWPP@dol.gov, OSHAPublic@dol.gov and desk.help@dol.gov, 9 June 2026 at 04:59: the complaint “was never responded”, hence he was “not able to lodge a review application to the administrative law judge”.

**What this Tab establishes — and the statutory duty it tests:**

- 103 days after filing, no findings existed and therefore nothing existed to object to.
- The statutory right to object and request a hearing was inoperable through no fault of the Complainant.

**Governing provisions:**

*49 U.S.C. § 42121(b)(2)(A): objections and a request for hearing within 30 days after notification of findings.*

*18 U.S.C. § 1514A(b)(1)(B): de novo right after 180 days.*

**From:** Sajjad Nasir <sajjadqut01@outlook.com>
**Sent:** Tuesday, June 9, 2026 4:59 AM
**To:** OIGWhistleblower <OIGWhistleblower@oig.dol.gov>; OSHA.DWPP@dol.gov; OSHAPublic@dol.gov; Help Desk - MSHA <desk.help@dol.gov>; AskMSHA@dol.gov
**Subject:** [External] Re: Submitting OSHA Administered Whistle-blower Complaint

Dear Directorate of Whistleblower Protection Programs.

I am filling up on my submitted form , which was never responded hence I am not able to lodge a review application to the administrative law judge.

Please provide a repose at your earliest or I will lodge an application with the circuit review .

Regards,

Sajjad

# TAB 10

## 5 MAY 2026 — OSHA SCREENING E-MAIL AND ADMINISTRATIVE CLOSURE

Documents: e-mail from OSHA-SFO-WB@dol.gov, 5 May 2026 at 07:10 — the complaint "does not meet criteria for investigation" and "does not fall with-in a statute OSHA has the jurisdiction to investigate" — and its continuation offering administrative closure on a 10-day silence.

**What this Tab establishes — and the statutory duty it tests:**

- The first substantive response came on day 68, after the 60-day period had expired, and it contained no investigation, no findings and no determination.
- A screening e-mail is not the written findings the statute requires.

**Governing provisions:**

*49 U.S.C. § 42121(b)(2)(A): investigation, reasonable-cause determination and written findings within 60 days.*

*29 C.F.R. § 1980.104–1980.105.*

From: OSHA-SFO-WB <OSHA-SFO-WB@dol.gov>
Sent: Tuesday, May 05, 2026 07:10
To: sajjadqut01@outlook.com
<sajjadqut01@outlook.com>
Subject: 301077359-Equinix Inc.-Sajjad Nasir

Sajjad Nasir,

After review of the information that you provided to the OSHA Whistleblower Protection Program it appears your complaint does not meet criteria for investigation by OSHA. Specifically, your complaint does not fall with-in a statute OSHA has the jurisdiction to investigate. The following agencies and/or contacts may be the appropriate place(s) to seek assistance.

The U.S Department of Justice, Civil Division, Commercial Litigation Branch, Fraud Section litigates cases involving financial fraud against the Federal Government. Typically, the Fraud Section files its lawsuits under the False Claims Act, which allows private citizens to file suits on behalf of the government (called "qui tam" suits) against those who have defrauded the government. Private citizens who successfully bring qui tam actions may receive a portion of the government’s recovery. You may contact the DOJ Fraud Section at 1-202-305-2335 or DOJ - Civil Division.

If you have any additional information you would like OSHA to consider, please submit within 10 calendar days of your receipt of this email.

*If you agree with the administrative closure of the complaint filed with OSHA's WPP, please respond to this email stating you agree within 10 calendar days of your receipt of this email. By agreeing to administrative closure, OSHA will not forward your complaint to the employer and you will not have the opportunity to object to or request review of OSHA's decision.*

*If you disagree with administrative closure of your complaint, OSHA can dismiss your complaint in order to provide you appeal rights to object to or request review of OSHA's decision. However, if OSHA dismisses your complaint, we are required to notify the employer of your complaint, which means OSHA will give your name to the employer.*

If we do not hear from you or receive any additional information within a reasonable timeframe (e.g., 10 calendar days from delivery of this letter), OSHA will conclude that you concur with this action and your complaint will remain administratively closed. If you have any questions please email or call me at the contact information listed below.

Whistleblower Protection Program

U.S. Department of Labor - OSHA

Program email: osha-sfo-wb@dol.gov

# TAB 11

## 8 MAY 2026 — OBJECTION AND DEMAND FOR A FORMAL SECRETARY'S FINDING

Document: e-mail from Complainant to osha-sfo-wb@dol.gov, 8 May 2026 at 06:01, disagreeing with administrative closure and requesting (1) docketing as a Sarbanes-Oxley case and (2) a formal Secretary's Finding of dismissal so that review rights could be exercised.

**What this Tab establishes — and the statutory duty it tests:**

- Complainant expressly invoked 18 U.S.C. § 1514A and asked for the act that would give him access to a hearing.
- The agency had neither issued that act nor docketed the claim.

**Governing provisions:**

*18 U.S.C. § 1514A(b)(1)(A): complaint to the Secretary of Labor.*

*49 U.S.C. § 42121(b)(2)(A)–(b)(3)(A): findings, objections, hearing, final order.*

*28 U.S.C. § 1361 and 49 U.S.C. § 42121(c): mandamus for a nondiscretionary duty.*

Outlook

**Re: 301077359-Equinix Inc.-Issue a formal Secretary's Finding of dismissal18 U.S.C. § 1514A(b)(1)(A).**

**From** Sajjad Nasir <sajjadqut01@outlook.com>
**Date** Fri 08/05/2026 06:01
**To** osha-sfo-wb@dol.gov <osha-sfo-wb@dol.gov>

Dear Whistleblower Protection Program,

I am writing to formally **disagree** with the administrative closure of my whistleblower complaint.

Please be advised that my complaint was filed specifically under the Sarbanes-Oxley Act (SOX), 18 U.S.C. § 1514A. This statute explicitly protects employees of publicly traded companies, such as Equinix Inc., who provide information to "a Federal regulatory or law enforcement agency" regarding conduct they reasonably believe constitutes a violation of SEC rules or federal laws relating to fraud against shareholders.

My initial filing clearly identified protected activity involving disclosures to the U.S. Securities and Exchange Commission (SEC), the FBI, and the U.S. Department of State TIP Office concerning deceptive corporate rebranding and financial manipulations used to evade

U.S. sanctions—conduct that has a direct impact on U.S. shareholders and securities markets.

Pursuant to the OSHA Whistleblower Investigations Manual (WIM) and Directive CPL 09-00-001, a complaint that on its face alleges retaliation under an OSHA-administered statute like SOX may not be "screened out" or closed via "intake closure" without providing the complainant the opportunity to move the case forward.

Since I do not consent to administrative closure, I request that OSHA:

1. Formally docket this complaint as a Sarbanes-Oxley retaliation case.

2. Issue a formal Secretary's Finding of dismissal (if you continue to believe jurisdiction is lacking) so that I may exercise my statutory right to a de novo hearing before an Administrative Law Judge as provided under 18 U.S.C. § 1514A(b)(1)(A).

I have already provided substantial documentation, which OSHA's own intake guidance confirms is "helpful" but not required to initiate an investigation. I am prepared to defend the "domestic nexus" of this case at a hearing, as the retaliatory decisions were directed by U.S.-based executives of Equinix Inc..

Regards,

Sajjad Nasir

# TAB 12

## 21 MAY 2026 — REQUEST FOR HEARING FILED, eFILE OALJ-2605-01027530

Document: DOL eFile-eServe notice dated 22 May 2026 at 13:48, confirming receipt on 21 May 2026 at 11:41 PM of a Request for Hearing or Request for Administrative Review, eFile No. OALJ-2605-01027530, agency reference 301077359.

**What this Tab establishes — and the statutory duty it tests:**

- Complainant filed the review application himself in order to obtain a determination.
- The filing date is 84 days after the complaint and before the 180-day mark.

**Governing provisions:**

*49 U.S.C. § 42121(b)(2)(A): request for hearing on the record.*

*29 C.F.R. § 1980.106: objections and request for hearing.*

*18 U.S.C. § 1514A(b)(1)(B): de novo review preserved.*

Outlook

**New Case Received and Pending Review in OSHA Case 301077359 (21-May-26 11:41 PM)**

**From** DOL eFile-eServe <noreply@dol.gov>
**Date** Fri 22/05/2026 13:48
**To** sajjadqut01@outlook.com <sajjadqut01@outlook.com>

# eFile and eServe

This is an automated email; **DO NOT RESPOND TO THIS EMAIL.**

Dear Sajjad Nasir,

This is to notify you that your new case filing, requesting docketing of the matter below, was received on 21-May-26 11:41 PM and is pending review by the Office of the Administrative Law Judges.

**Originating Case Details**

| | |
|---|---|
| Originating Agency: | Occupational Safety and Health Administration (OSHA) |
| Agency Reference Number: | 301077359 |
| Program Area: | Whistleblower |
| Program Sub-Area: | Retaliation Claims |

**Filing Details**

| | |
|---|---|
| Filing: | Request for Hearing or Request for Administrative Review |
| Role in the Case: | Claimant/Complainant/Prosecuting Party (Self-represented) |
| Filed Date: | 21-May-26 11:41 PM |
| eFile Number: | OALJ-2605-01027530 |
| Status: | Received and Pending Review |

Thank you,
Office of the Administrative Law Judges
U.S. Department of Labor

**Need technical assistance?** Please submit a support request to eFile and eServe Help Desk.
Remember to include the case number, eFileNumber, and pertinent details in the support request.

# TAB 13

## 27–29 MAY 2026 — OALJ CORRESPONDENCE AND ENCLOSURES

Documents: Complainant's follow-up of 27 May 2026; OALJ Docket Team e-mails of 28 May 2026 at 02:20 and 22:11 requiring “a copy of the Secretary's Findings or Dismissal Letter” to docket the case; Complainant's reply of 29 May 2026 supplying that document; and enclosures.

**What this Tab establishes — and the statutory duty it tests:**

- The tribunal itself recorded that no Secretary's findings had been produced to the claimant in a docketable form.
- Complainant supplied what the tribunal required and pressed the case forward without assistance.

**Governing provisions:**

*29 C.F.R. § 1980.106: objections and request for hearing.*

*49 U.S.C. § 42121(b)(2)(A)–(b)(3)(A): findings, hearing, final order.*

Outlook

## OSHA Agency ID 301077359 - Nasir v. Equinix Inc.

**From** OALJ-Filings <OALJ-Filings@dol.gov>
**Date** Thu 28/05/2026 02:20
**To** sajjadqut01@outlook.com <sajjadqut01@outlook.com>
**Cc** OALJ-Filings <OALJ-Filings@dol.gov>

Hello Sajjad Nasir,
Thank you for contacting the Office of Administrative Law Judges about this matter.

Please reply with the OSHA Secretary's Findings or other Dismissal Letter that you received for docketing purposes.

Thank you.

**DOCKET TEAM**
Office of Administrative Law Judges
U. S. Department of Labor

**From:** Sajjad Nasir <sajjadqut01@outlook.com>
**Sent:** Wednesday, May 27, 2026 3:57 PM
**To:** OALJ-Filings <OALJ-Filings@dol.gov>; Docket_Team <Docket_Team@dol.gov>
**Subject:** Re: New Case Received and Pending Review in OSHA Case 301077359 (21-May-26 11:41 PM) - OALJ-2605-01027530

Some people who received this message don't often get email from sajjadqut01@outlook.com. Learn why this is important

**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report" button on your email toolbar.**

Hello Filing OALJ Team (Docket_Team@dol.gov) ,

I am following up on my active submission filed on May 21, 2026, under eFile Number **OALJ-2605-01027530**.

Thank You,

Sajjad

---

**From:** OALJ-Filings <OALJ-Filings@dol.gov>
**Sent:** Thursday, May 28, 2026 22:11
**To:** Sajjad Nasir <sajjadqut01@outlook.com>; OALJ-Filings <OALJ-Filings@dol.gov>
**Subject:** RE: New Case Received and Pending Review in OSHA Case 301077359 (21-May-26 11:41 PM) - OALJ-2605-01027530

Hello Sajjad Nasir,

We must have a copy of the Secretary's Findings or Dismissal Letter to docket the case.

Thank you for your assistance.

**DOCKET TEAM**

Office of Administrative Law Judges

U. S. Department of Labor

The OALJ is transitioning to electronic case filings and plans to phase out filing by email. Our electronic filing system is the eFile/eServe System (EFS). The link for this is https://efile.dol.gov/.
**Did you know?** Parties can obtain some updates on their pending claims by visiting the OALJ's public webpage and using the Case Lookup Tool at https://www.oalj.dol.gov/OALJ_Case_Status.html.

Regards,
Sajjad

---

**From:** The Office of the United States Trade Representative <noreply@notification.ustr.gov>
**Sent:** Saturday, June 06, 2026 23:19
**To:** sajjadqut01@outlook.com <sajjadqut01@outlook.com>
**Subject:** Comment Received

Your comment on has been submitted and is viewable on the Public Docket.

Comment ID: USTR-2026-0266-00128419
Organization:
Link: USTR-2026-0266-00128419

Office of the United States Trade Representative · Washington, DC 20508 · USA · comments.ustr.gov

---

**From:** Sajjad Nasir <sajjadqut01@outlook.com>
**Sent:** Friday, May 29, 2026 00:51
**To:** OALJ-Filings <OALJ-Filings@dol.gov>
**Subject:** Re: New Case Received and Pending Review in OSHA Case 301077359 (21-May-26 11:41 PM) - OALJ-2605-01027530

**Dear DOCKET TEAM**

Please find attached a copy of the Secretary's Findings and Dismissal Letter to docket the case.

Thanks You
Sajjad

---

From: OSHA-SFO-WB <OSHA-SFO-WB@dol.gov>
Sent: Tuesday, May 05, 2026 07:10
To: sajjadqut01@outlook.com
<sajjadqut01@outlook.com>
Subject: 301077359-Equinix Inc.-Sajjad Nasir

Sajjad Nasir,

After review of the information that you provided to the OSHA Whistleblower Protection Program it appears your complaint does not meet criteria for investigation by OSHA. Specifically, your complaint does not fall with-in a statute OSHA has the jurisdiction to investigate. The following agencies and/or contacts may be the appropriate place(s) to seek assistance.

The U.S Department of Justice, Civil Division, Commercial Litigation Branch, Fraud Section litigates cases involving financial fraud against the Federal Government. Typically, the Fraud Section files its lawsuits under the False Claims Act, which allows private citizens to file suits on behalf of the government (called "qui tam" suits) against those who have defrauded the government. Private citizens who successfully bring qui tam actions may receive a portion of the government’s recovery. You may contact the DOJ Fraud Section at 1-202-305-2335 or DOJ - Civil Division.

If you have any additional information you would like OSHA to consider, please submit within 10 calendar days of your receipt of this email.

*If you agree with the administrative closure of the complaint filed with OSHA's WPP, please respond to this email stating you agree within 10 calendar days of your receipt of this email. By agreeing to administrative closure, OSHA will not forward your complaint to the employer and you will not have the opportunity to object to or request review of OSHA's decision.*

*If you disagree with administrative closure of your complaint, OSHA can dismiss your complaint in order to provide you appeal rights to object to or request review of OSHA's decision. However, if OSHA dismisses your complaint, we are required to notify the employer of your complaint, which means OSHA will give your name to the employer.*

If we do not hear from you or receive any additional information within a reasonable timeframe (e.g., 10 calendar days from delivery of this letter), OSHA will conclude that you concur with this action and your complaint will remain administratively closed. If you have any questions please email or call me at the contact information listed below.

Whistleblower Protection Program

U.S. Department of Labor - OSHA

Program email: osha-sfo-wb@dol.gov

**From:** Sajjad Nasir <sajjadqut01@outlook.com>
**Sent:** Tuesday, June 9, 2026 4:59 AM
**To:** OIGWhistleblower <OIGWhistleblower@oig.dol.gov>; OSHA.DWPP@dol.gov; OSHAPublic@dol.gov; Help Desk - MSHA <desk.help@dol.gov>; AskMSHA@dol.gov
**Subject:** [External] Re: Submitting OSHA Administered Whistle-blower Complaint

Dear Directorate of Whistleblower Protection Programs.

I am filling up on my submitted form , which was never responded hence I am not able to lodge a review application to the administrative law judge.

Please provide a repose at your earliest or I will lodge an application with the circuit review .

Regards,

Sajjad

---

**From:** Sajjad Nasir <sajjadqut01@outlook.com>
**Sent:** Sunday, April 26, 2026 20:41
**To:** OIGWhistleblower@oig.dol.gov <OIGWhistleblower@oig.dol.gov>
**Subject:** Re: Submitting OSHA Administered Whistle-blower Complaint

Dear Whistleblower Protection Coordinator,

# TAB 14

## 26 JULY 2026 — DEPARTMENT OF LABOR FOIA ACKNOWLEDGMENT

Document: DOL FOIA acknowledgment, 26 July 2026 at 09:07, assigning tracking number 2026-F-12179 to Complainant's request.

**What this Tab establishes — and the statutory duty it tests:**

- Having received no findings and no file, Complainant lodged a FOIA request to obtain the agency record.
- The request completes the cycle: complaint, follow-ups, review application, and a records request for the file the agency never produced.

**Governing provisions:**

*5 U.S.C. § 552: access to agency records.*

*18 U.S.C. § 1514A(b)(1)(B): de novo review where no final decision issues.*

Outlook

## Request Acknowledgement by DOL FOIA

**From** no-reply@efoia.dol.gov <no-reply@efoia.dol.gov>

**Date** Sun 26/07/2026 09:07

**To** sajjadqut01@outlook.com <sajjadqut01@outlook.com>

Dear Sajjad Nasir,

The tracking number 2026-F-12179 has been assigned to the request you submitted. In all future correspondence regarding this request please reference the tracking number 2026-F-12179.

Regards,
DOL FOIA

# TAB 15

## DE NOVO FILING IN THE DISTRICT COURT — 13–14 OCTOBER 2026

Document: e-mail correspondence with the Clerk of the United States District Court for the Western District of Washington, 13 and 14 October 2026, recording the filing of this action: “2:26-cv-03788-JCC Nasir v. Secretary of United States Department of Labor et al, John C. Coughenour, presiding. Date filed: 10/06/2026.”

**What this Tab establishes — and completes the cycle:**

- The 180-day period expired on 25 August 2026 without a final decision, and this action was filed in the district court.
- The record therefore runs: complaint (26 February 2026) — follow-ups (28 February, 26 April) — agency screening and objection (5 and 8 May) — review application (21 May) — FOIA (26 July) — de novo action (October 2026).
- Every statutory step available to the Complainant was taken; the steps the statute imposed on the agency within 60 and 120 days were not.

**Governing provisions:**

*18 U.S.C. § 1514A(b)(1)(B): “after the Secretary has not issued a final decision within 180 days … bringing an action at law or equity for de novo review in the appropriate district court”.*

*28 U.S.C. § 1331: original jurisdiction over civil actions arising under federal law.*

*49 U.S.C. § 42121(b)(3)(A): final order within 120 days of the conclusion of a hearing.*

Outlook

**Re: 26cv3788 JCC NEW : Pro Se Civil Complaint Form & Civil Cover Sheet**

**From** Sajjad Nasir <sajjadqut01@outlook.com>
**Date** Wed 14/10/2026 09:30
**To** WAWDdb_CMECFReg <cmecfreg@wawd.uscourts.gov>

1 attachment (153 KB)
ECFRegistrationFormforProSeFileaars.pdf;

Form ,

**From:** WAWDdb_NewCasesSea <newcases.seattle@wawd.uscourts.gov>
**Sent:** Wednesday, October 14, 2026 04:54
**To:** Sajjad Nasir <sajjadqut01@outlook.com>
**Subject:** RE: 26cv3788 JCC NEW : Pro Se Civil Complaint Form & Civil Cover Sheet

Good morning,

Attached is your receipt for payment of the filing fee. I 've also attached the CM/ECF registration form, if you haven't completed the form please do so and forward back to the email listed on the form, **cmecfreg@wawd.uscourts.gov**.
Thank you!

Deputy Clerk

**From:** Sajjad Nasir <sajjadqut01@outlook.com>
**Sent:** Tuesday, October 13, 2026 10:43 AM
**To:** WAWDdb_NewCasesSea <newcases.seattle@wawd.uscourts.gov>; WAWDdb_CMECFQC <ecf@wawd.uscourts.gov>
**Subject:** Re: 26cv3788 JCC NEW : Pro Se Civil Complaint Form & Civil Cover Sheet

**CAUTION - EXTERNAL:**

Hello ,
This fee was paid but I do not still have access to the ECF .
**2:26-cv-03788-JCC** Nasir v. Secretary of United States Department of Labor et al
John C. Coughenour, presiding
**Date filed:** 10/06/2026
**Date of last filing:** 10/07/2026

## FINAL SHEET 1 — CHRONOLOGY AGAINST THE STATUTORY DEADLINES

| Date | Day | Event | Provision |
|---|---|---|---|
| 10 Jan 2026 | — | SEC TCR Submission No. 17680-380-040-535 — protected activity | 18 U.S.C. § 1514A(a)(1) |
| 21 Feb 2026 | — | FCC ECFS filing — protected activity | 18 U.S.C. § 1514A(a)(1)(A) |
| 25 Feb 2026 | day 0 | Adverse action; online filing attempted and the system failed | 18 U.S.C. § 1514A(b)(1)(A) |
| 26 Feb 2026 | day 1 | Complaint filed by e-mail after OSHA authorised e-mail filing | 18 U.S.C. § 1514A(b)(1)(A); 29 C.F.R. § 1980.103 |
| 28 Feb 2026 | day 2 | Complainant requests confirmation and a reference number — no reply | Notice duty, 49 U.S.C. § 42121(b)(2)(A) |
| 28 Mar 2026 | day 30 | No acknowledgment, no case number, no investigator | No compliance |
| 26 Apr 2026 | day 59 | Second request: "I have not yet received this information" | No compliance |
| 27 Apr 2026 | day 60 | Findings due; none issued or served | 49 U.S.C. § 42121(b)(2)(A); 29 C.F.R. § 1980.105 |
| 5 May 2026 | day 68 | OSHA: complaint "does not fall with-in a statute OSHA has the jurisdiction to investigate"; administrative closure offered | No findings; no determination |
| 8 May 2026 | day 71 | Complainant objects, demands a formal Secretary's Finding to preserve review rights | 18 U.S.C. § 1514A(b)(1)(A); 29 C.F.R. Part 1980 |
| 21 May 2026 | day 84 | Request for Hearing filed, eFile OALJ-2605-01027530 | Objection and hearing request, 49 U.S.C. § 42121(b)(2)(A) |
| 28 May 2026 | day 91 | OALJ requires the Secretary's findings or dismissal letter to docket | 29 C.F.R. § 1980.106 |
| 29 May 2026 | day 92 | Complainant supplies the findings and dismissal letter | 29 C.F.R. § 1980.106 |
| 9 Jun 2026 | day 103 | Complaint "was never responded"; no review could be lodged | No compliance |
| 26 Jun 2026 | day 120 | Final order due; none issued | 49 U.S.C. § 42121(b)(3)(A) |
| 13 Jul 2026 | day 137 | Case docketed by OALJ as 2026-SOX-00056 | 29 C.F.R. Part 1980 |
| 26 Jul 2026 | day 150 | DOL FOIA tracking number 2026-F-12179 assigned | 5 U.S.C. § 552 |
| 25 Aug 2026 | day 180 | No final decision; de novo right accrued | 18 U.S.C. § 1514A(b)(1)(B) |
| 14 Oct 2026 | day 230 | Action filed in this Court, 2:26-cv-03788-JCC | 18 U.S.C. § 1514A(b)(1)(B); 28 U.S.C. § 1331 |

*Days are counted from the filing of the complaint on 26 February 2026. The record in Tabs 6 to 15 show that no acknowledgment, findings, determination or final order was issued within any of the statutory periods, and that Complainant continued to request a determination and the underlying records.*

## FINAL SHEET 2 — LEGISLATIVE AND REGULATORY REFERENCES

**18 U.S.C. § 1514A(a)(1)**
Protects an employee who provides information regarding conduct the employee reasonably believes violates §§ 1341, 1343, 1344 or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, where the information is provided to a Federal regulatory or law enforcement agency, to Congress, or to a person with supervisory authority.

**18 U.S.C. § 1514A(b)(1)**
Relief may be sought by filing a complaint with the Secretary of Labor; or, if the Secretary has not issued a final decision within 180 days and the delay is not due to the claimant's bad faith, by an action for de novo review in the district court.

**18 U.S.C. § 1514A(b)(2)(A)**
An action under (b)(1)(A) is governed by the rules and procedures of 49 U.S.C. § 42121(b).

**49 U.S.C. § 42121(b)(2)(A)**
Not later than 60 days after receipt of the complaint, the Secretary shall investigate, determine whether there is reasonable cause, and notify the complainant in writing of the findings; objections and a request for hearing must be filed within 30 days after notification of findings.

**49 U.S.C. § 42121(b)(2)(B)**
The complainant must show that protected behavior was a contributing factor; the employer may avoid investigation or relief only by demonstrating by clear and convincing evidence that it would have taken the same action absent that behavior.

**49 U.S.C. § 42121(b)(3)(A)**
A final order is due not later than 120 days after the conclusion of a hearing.

**18 U.S.C. § 1348**
Securities fraud: a scheme or artifice to defraud any person in connection with any security of a registered issuer, or to obtain money or property by false or fraudulent pretenses in connection with the purchase or sale of such a security.

**SOX § 302, 15 U.S.C. § 7241**
The chief executive and chief financial officers must certify each periodic report, including that it complies with the Exchange Act and fairly presents the financial condition and results of the issuer.

**SOX § 906, 18 U.S.C. § 1350**
Criminal certification that each periodic report containing financial statements complies with the Exchange Act and fairly presents the financial condition of the issuer.

**29 C.F.R. Part 1980**
Department of Labor procedures: § 1980.103 (filing within 180 days), § 1980.104 (investigation), § 1980.105 (findings and preliminary order within 60 days), § 1980.106 (objections and request for hearing).

**49 U.S.C. § 42121(c)**
Mandamus: any nondiscretionary duty imposed by § 42121 is enforceable in a mandamus proceeding under 28 U.S.C. § 1361.

**5 U.S.C. § 552**
FOIA: the request lodged on 26 July 2026, tracking number 2026-F-12179, for the agency file relating to OSHA Case No. 301077359.