**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

SAJJAD NASIR,

Plaintiff,

v.

SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR; EQUINIX, INC.; COMMISSIONER OF POLICE, STATE OF NEW SOUTH WALES, COMMONWEALTH OF AUSTRALIA,

Defendants.

Case No. 2:26-cv-03788-JCC

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR TRANSFER**

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING TRANSFER (ECF NO. 34) AND FOR TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

*Noting Date: [insert per LCR 7(d)]*

*[draft — complete the bracketed items before filing]*

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

SAJJAD NASIR,

Plaintiff,

v.

SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR; EQUINIX, INC.; COMMISSIONER OF POLICE, STATE OF NEW SOUTH WALES, COMMONWEALTH OF AUSTRALIA,

Defendants.

Case No. 2:26-cv-03788-JCC

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR TRANSFER**

*Oral argument requested under LCR 7(d)(1)*

## I. RELIEF REQUESTED

Plaintiff respectfully moves for (1) reconsideration of the Order entered 2 November 2026 (ECF No. 34) denying Plaintiff's motion to transfer (ECF No. 27), on the ground that

material facts bearing on the integrity of the record were not previously presented, and (2) an order transferring this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## II. BACKGROUND

1. The operative pleading is the Second Amended Complaint (ECF No. 22), which pleads de novo review under 18 U.S.C. § 1514A(b)(1)(B) and, in the alternative, a petition for writ of mandamus.

2. On 29 October 2026 Plaintiff moved to transfer the action to the Northern District of California (ECF No. 27). On 2 November 2026 the Court denied that motion (ECF No. 34).

3. Summonses were issued on 30 October 2026 (ECF Nos. 30 and 31). No defendant has appeared.

## III. LEGAL STANDARD

Under LCR 7(h), reconsideration is warranted where the moving party shows (1) manifest error in the prior decision, or (2) new facts or legal authority not previously presented that could not have been raised earlier with reasonable diligence. A district court retains authority to revise an interlocutory order before final judgment. Fed. R. Civ. P. 54(b).

## IV. MATERIAL FACTS NOT PREVIOUSLY PRESENTED

4. Since the Order of 2 November 2026, Plaintiff has obtained records that bear directly on the interest of justice under § 1404(a) and that were not before the Court when it ruled:

(a) Mail and service irregularities affecting filings in this and the related matter No. 2:26-cv-01853-LK, namely: [state each item mailed or received, the date, the tracking

number, the address used, and what is recorded on the docket];

(b) A docket or record discrepancy in No. 2:26-cv-01853-LK concerning [identify the entry, its date, and why it is inconsistent with the document as filed];

(c) [Any order or ruling in No. 2:26-cv-01853-LK bearing on the location of records or witnesses].

5. Plaintiff does not ask the Court to adjudicate any dispute about the mail. He asks the Court to weigh these facts in deciding where the action can be tried fairly, efficiently, and with access to the documents and witnesses on which the claim depends.

## V. TRANSFER IS WARRANTED UNDER § 1404(a)

§ 1404(a) permits transfer for the convenience of parties and witnesses and in the interest of justice. The factors weigh in favour of the Northern District of California:

- Convenience of the parties. The defendant Equinix, Inc. maintains its principal place of business at One Lagoon Drive, Redwood City, California, within the Northern District.
- Convenience of witnesses and access to proof. The corporate records, officers and custodians of the documents at issue are located there.
- Compulsory process. The Northern District may compel the attendance of the company’s officers and employees under Rule 45; this District cannot do so at comparable cost.
- Interest of justice. Transfer consolidates the documents, the witnesses and the determination of the claim in the district where the defendant resides, and avoids the expense and delay of trying the action at a distance from the evidence.
- No prejudice. No defendant has appeared or opposed; transfer would prejudice no one.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider the Order at ECF No. 34 and transfer this action to the United States District Court for the Northern District of California.

Dated: ______________________

_____________________________________

Sajjad Nasir, Plaintiff pro se

30 Railway Terrace, Granville NSW 2142, Australia

sajjadqut01@outlook.com

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

SAJJAD NASIR,

Plaintiff,

v.

SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR; EQUINIX, INC.; COMMISSIONER OF POLICE, STATE OF NEW SOUTH WALES, COMMONWEALTH OF AUSTRALIA,

Defendants.

Case No. 2:26-cv-03788-JCC

**DECLARATION OF SAJJAD NASIR IN SUPPORT OF MOTION FOR RECONSIDERATION AND TRANSFER**

I, Sajjad Nasir, declare under penalty of perjury under the laws of the United States of America that the following

1. I am the Plaintiff and I make this declaration on personal knowledge.

2. The operative complaint is ECF No. 22. My motion to transfer (ECF No. 27) was denied

on 2 November 2026 (ECF No. 34).

3. The following facts were not before the Court when it ruled:

(a) On [date], [document] was mailed to me at [address] by [method]; the tracking number is [number]; the docket records [entry].

(b) On [date], the docket in No. 2:26-cv-01853-LK records [entry], which does not correspond to the document I filed on [date].

(c) [Further item.]

4. Equinix, Inc. maintains its principal place of business at One Lagoon Drive, Redwood City, California, and its officers and corporate records relevant to my claim are located there.

5. No defendant has appeared in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/4/2026.

________________________________

Sajjad Nasir

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

SAJJAD NASIR,

Plaintiff,

v.

SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR; EQUINIX, INC.; COMMISSIONER OF POLICE, STATE OF NEW SOUTH WALES, COMMONWEALTH OF AUSTRALIA,

Defendants.

Case No. 2:26-cv-03788-JCC

**[PROPOSED] ORDER GRANTING MOTION FOR RECONSIDERATION AND FOR TRANSFER**

Having considered Plaintiff's motion, the declaration in support, and the record, the Court finds that material facts not previously presented warrant reconsideration of the Order at ECF No. 34 and that transfer is warranted under 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

The Order at ECF No. 34 is reconsidered. This action is transferred to the United States District Court for the Northern District of California.

Dated: __4/11/2026

______________________________________
UNITED STATES DISTRICT JUDGE