**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

SAJJAD NASIR,

Plaintiff,

v.

1. THE SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR;
2. EQUINIX INC.;
3. COMMISSIONER OF POLICE, STATE OF NEW SOUTH WALES, COMMONWEALTH OF AUSTRALIA,

Defendants.

CASE NO 2:26-cv-03788-JCC

**MOTION FOR RECONSIDERATION AND FOR A WRITTEN STATEMENT OF REASONS**

Noting Date: 30 November 2026

Oral Argument Requested

## MOTION FOR A WRITTEN STATEMENT OF REASONS

1. Plaintiff, proceeding pro se under 28 U.S.C. § 1654, moves under Local Civil Rule 7(h)(1) and Rules 52(a)(1), 58(a), 59(e) and 60(b)(2) and (6) of the Federal Rules of Civil Procedure, and under the Fifth Amendment to the Constitution of the United States, for the following relief: (a) a written statement of the reasons for the order entered in this case on 29 October 2026 (ECF No. 86); (b) reconsideration of that order; (c) an order confirming the provenance of the documents in the file that bear this Court’s name; and (d) oral argument under LCR 7(b)(4).
2. The motion is timely. The order was entered on 29 October 2026 and this motion is filed within the fourteen days allowed by LCR 7(h)(1).

## I. THE ORDER AND WHY REASONS ARE REQUIRED

3. The complaint in this action was filed on 6 October 2026. Plaintiff filed an amended complaint (ECF No. 22) and Exhibit 33 (ECF No. 37), and on 3 November 2026 filed a Second Motion to Transfer Case (ECF No. 38), noting date 30 November 2026. The amended complaint is brought under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, and those claims remain undetermined.

4. The order of 29 October 2026 (ECF No. 86) states an outcome and nothing more. It contains no findings, no reasoning, no reference to the complaint it disposes of, and no identification of the documents or facts on which it relies. Plaintiff cannot tell from its four corners what was decided, on what basis, or which of his claims survived.

5. Rule 52(a)(1) requires the court to "find the facts specially and state its conclusions of law separately" in an action tried on the facts without a jury, and Rule 58(a) requires that every judgment be set out in a separate document. Where an order determines the rights of a party without any statement of reasons, the party is left without a decision capable of being understood or reviewed, contrary to 28 U.S.C. § 1291, which permits review of final decisions and cannot operate where the decision discloses no ground.

6. The Fifth Amendment requires that no person be deprived of liberty or property without due process of law, and due process requires notice of the basis on which a party is to be judged. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner,'" Mathews v. Eldridge, 424 U.S. 319, 333 (1976). A ruling that gives no reasons gives the losing party nothing to answer, nothing to correct, and nothing to take to the Court of Appeals. The prejudice is not theoretical: an appeal must identify the error, and error cannot be identified in an order that assigns none.

## II. THE RECORD AND THE PROVENANCE OF THE DOCUMENTS

7. Plaintiff has received documents bearing this Court's name that were not served upon him through the Court's electronic notice system. The docket text of ECF No. 38, entered on 3 November 2026, records a motion under a title that Plaintiff did not give it, misnames a judicial officer of this Court, and identifies no filer other than "All Plaintiffs." Notice of that entry was transmitted only to Plaintiff's own address.

8. Earlier in these proceedings, records were entered in Plaintiff's name that he had not made: a filing of 17 June 2026, and an objection to dismissal dated 8 June 2026 "considered effective on July 8, 2026," both of which he has denied in writing. He does not ask the Court to accept that history on faith. He asks the Court to state, in writing, who entered the order of 29 October 2026, on what documents it rested, and whether its text is the text the Court authorised.

## III. THE GROUNDS FOR RECONSIDERATION

9. First, the order rests on no findings and therefore is manifestly erroneous on its face. Second, to the extent it disposes of the amended complaint, it does so without addressing the Privacy Act and Freedom of Information Act claims pleaded in it. Third, if the order was entered on the basis of documents that were not served on Plaintiff, he has had no opportunity to respond to them, and the order must be reconsidered on that ground alone. Fed. R. Civ. P. 60(b)(2), (6).

10. Plaintiff also renews his request, made in ECF No. 38, that this action be heard by a judicial officer other than the one whose name appears in that docket entry, and asks that the Court state the reason for refusing or granting that request, 28 U.S.C. § 455(a) requiring disqualification where the officer's impartiality might reasonably be questioned, and 28 U.S.C. § 144 providing the procedure for a party who makes and

files an affidavit of bias.

## IV. RELIEF SOUGHT

11. Plaintiff respectfully requests that the Court: (a) issue a written statement of reasons for the order of 29 October 2026 (ECF No. 86), identifying the documents and facts relied upon; (b) reconsider that order; (c) confirm in writing the provenance of the documents in the file that bear the Court's name; (d) correct the docket text of ECF No. 38; and (e) hear oral argument on this motion.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify that this motion (1) is not being presented for an improper purpose; (2) is supported by existing law or by a nonfrivolous argument; (3) has evidentiary support or will likely have it after a reasonable opportunity for discovery; and (4) otherwise complies with Rule 11. I agree to keep a current address on file with the Clerk.

Dated: 11/5/2026

Signature of Plaintiff: ______________________________

Printed Name: Sajjad Nasir, pro se

Address: 30 Railway Terrace, Granville NSW 2142, Australia

E-mail: sajjadqut01@outlook.com

Outlook

Activity in Case 2:26-cv-03788-JCC Nasir v. Secretary of United States Department of Labor et al Motion to Transfer Case

**From** ECF@wawd.uscourts.gov <ECF@wawd.uscourts.gov>
**Date** Wed 04/11/2026 10:11
**To** ECF@wawd.uscourts.gov <ECF@wawd.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**United States District Court for the Western District of Washington**

## Notice of Electronic Filing

The following transaction was entered on 11/3/2026 at 3:09 PM PST and filed on 11/3/2026

| | |
|---|---|
| **Case Name:** | Nasir v. Secretary of United States Department of Labor et al |
| **Case Number:** | 2:26-cv-03788-JCC |
| **Filer:** | Sajjad Nasir |
| **Document Number:** | 38 |

**Docket Text:**
**Second MOTION to Transfer Case *Alleged Mail/Voter Fraud from the Prsident Baiden Appointed District Court Judge Kauren Kiong, Clerk of District Court, Austrlian Atytorney General Office and Equinix Inc*, filed by All Plaintiffs. Oral Argument Requested. Noting Date 11/30/2026, (Nasir, Sajjad)**

**2:26-cv-03788-JCC Notice has been electronically mailed to:**

Sajjad Nasir sajjadqut01@outlook.com

**2:26-cv-03788-JCC Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=11/3/2026] [FileNumber=11205280-

0] [d1580f387e3a569e7d95321b1133af3856adce9866ff4039a5a23c9b6e20fbe0c1
a5d6bd2b2ca177b111af119ec190b9c45278a590a8644368412175b928ca05]]