UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAJJAD NASIR,

Plaintiff,

v.

SECRETARY OF UNITED STATES DEPARTMENT OF LABOR et al.,

Defendants.

CASE NO. 2:26-cv-03788-JCC

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 44)

This matter comes before the Court on the Honorable John C. Coughenour's denial (Dkt. No. 44) of Plaintiff's motion seeking his recusal (Dkt. No. 42). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Coughenour's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff argues Judge Coughenour denied Plaintiff's motion to transfer this case and several motions for reconsideration without providing sufficient explanation. (Dkt. No. 42 at 1–2.) Disagreement with Judge Coughenour's rulings cannot support a motion for recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias.").

Moreover, Judge Coughenour's orders, while brief, do provide explanations for his rulings. In his order denying Plaintiff's motion to transfer, Judge Coughenour found that Plaintiff "provided no legal argument in support of such a transfer, nor is the Court independently aware of such a basis." (Dkt. No. 34.) Similarly, in his order denying Plaintiff's motions for reconsideration, Judge Coughenour found the motions "fail[ed] to establish that the Court committed manifest error in its prior ruling or provide it with new facts or legal authority

that could not have been brought to the Court's attention earlier with reasonable diligence." (Dkt. No. 41.)

Plaintiff has presented no evidence of bias on Judge Coughenour's part, and the Court finds no evidence that would lead a reasonable person to question Judge Coughenour's impartiality. Accordingly, the Court AFFIRMS Judge Coughenour's denial (Dkt. No. 44) of Plaintiff's motion for recusal (Dkt. No. 42).

Dated this 18th day of November, 2026.

David G. Estudillo
United States District Judge